# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO.:

MARK A. BEAMAN, as Personal Representative of the Estate of MARGARET JANE DAWSON BEAMAN, Deceased, on behalf of the Estate and its Lawful Survivors, to wit: MARK A. BEAMAN, Surviving Husband; and JERRY SMITH, As Personal Representative of the Estate of LISA RAE BALLINGER SMITH, Deceased, on behalf of the Estate and its Lawful Survivors, to wit: JERRY SMITH, surviving husband, and ANDREW SMITH, surviving minor son,

      Plaintiffs,

vs.

MACO CARIBE, INC., d/b/a SCUBA CARIBE, a Florida Corporation; MACO CARIBE, INC., d/b/a AQUA CARIBE, a Florida Corporation; GRUPO SIRENIS HOTELS AND RESORTS, a Spanish company; GRAND SIRENIS HOTELS AND RESORTS, a Spanish company; GRAND SIRENIS RIVIERA MAYA HOTEL & SPA, a Spanish company; SIRENIS SERVICES, S.L., a Spanish company; SIRENIS MANAGEMENT SERVICES, a Spanish company; SIRENIS HOTELS AND RESORTS, a Spanish company; AGRUPACION HOTELIER DOLIGA, S.A., d/b/a FIESTA HOTELS AND RESORTS, S.L., a Spanish company; FIESTA HOTEL GROUP, a Spanish company; PALLADIUM HOTELS & RESORTS, a Spanish company; GRAND PALLADIUM COLONIAL RESORT & SPA, a Spanish company; GRAND PALLADIUM KANTENAH RESORT & SPA, a Spanish company;

      Defendants,

_____/

# 09-23055
## CIV-UNGARO

MAGISTRATE JUDGE
SIMONTON



FILED by _____ D.C.
INTAKE

OCT 0 9 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, MARK A. BEAMAN, as Personal Representative of the

Estate of MARGARET JANE DAWSON BEAMAN, Deceased, on behalf of the Estate and its

Lawful Survivors, to wit: MARK A. BEAMAN, surviving husband, and JERRY SMITH, as Personal Representative of the Estate of LISA RAE BALLINGER SMITH, Deceased, on behalf of the Estate and its Lawful Survivors, to wit: JERRY SMITH, surviving husband, and ANDREW SMITH, surviving minor son, Plaintiffs, hereby sue the Defendants, MACO CARIBE, INC., d/b/a SCUBA CARIBE, a Florida Corporation; AQUA CARIBE, a Foreign company; GRUPO SIRENIS HOTELS AND RESORTS, a Spanish company; GRAND SIRENIS HOTELS AND RESORTS, a Spanish company; GRAND SIRENIS RIVIERA MAYA HOTEL & SPA, a Spanish company; SIRENIS SERVICES, S.L., a Spanish company; SIRENIS MANAGEMENT SERVICES, a Spanish company; SIRENIS HOTELS AND RESORTS, a Spanish company; AGRUPACION HOTELIER DOLIGA, S.A., d/b/a FIESTA HOTELS AND RESORTS, S.L., a Spanish company; FIESTA HOTEL GROUP, a Spanish company; PALLADIUM HOTELS & RESORTS, a Spanish company; GRAND PALLADIUM COLONIAL RESORT & SPA, a Spanish company; GRAND PALLADIUM KANTENAH RESORT & SPA, a Spanish company; and allege:

## ALLEGATIONS COMMON TO ALL COUNTS

1.  This is an action for damages in excess of $75,000.00, exclusive of interest and costs. Venue is proper pursuant to 28 U.S.C. Section 1332 and 28 U.S.C. Section 1391(d).

2.  At all material times, Plaintiff, MARK A. BEAMAN, is and was a citizen of the State of Texas who resides in Carrollton, Texas, and is the surviving spouse of Decedent MARGARET JANE DAWSON BEAMAN.  Plaintiff MARK A. BEAMAN is the Personal Representative of the Estate of MARGARET JANE DAWSON BEAMAN.

3.  At all material times, Plaintiff, JERRY SMITH, is and was a citizen of the State of Texas who resides in Carrollton, Texas, and is the surviving spouse of Decedent LISA RAE BALLINGER SMITH.  Plaintiff JERRY SMITH is the Personal Representative of the Estate of LISA RAE BALLINGER SMITH.

2

4.  Plaintiff JERRY SMITH and Decedent LISA RAE BALLINGER SMITH are the natural parents of ANDREW SMITH, a minor, who is and was a citizen of the State of Texas, who resides in Carrollton, Texas.

5.  At all material times Defendant, MACO CARIBE, INC. is and was a Florida corporation doing business as SCUBA CARIBE and/or AQUA CARIBE (hereinafter referred to as "SCUBA CARIBE"), located in Weston, Florida.  This Defendant may be served through its registered agent, Martin J. Costa Schreiner at 16604 Sapphire Manor, Weston, Broward County, Florida, 33331.

6.  Personal jurisdiction exists in Florida over SCUBA CARIBE for the following reasons:

    a.    At all material times, Defendant SCUBA CARIBE personally or through an agent operates, conducts, engages in or carries on a business or business venture in Florida or has an office or agency in this state, to wit: Maco Caribe, Inc., 1200 S. Ocean Boulevard, 9D, Boca Raton, Florida, 33432.   Accordingly, personal jurisdiction over SCUBA CARIBE is properly exercised pursuant to *Fla. Stat.* §48.193(1)(a);

    b.    At all material times, Defendant SCUBA CARIBE, personally and/or through an agent, engaged in substantial and not isolated activity within Florida.  Indeed MACO CARIBE, INC. has a fictitious business name filing on record with the Florida Secretary of State doing business as SCUBA CARIBE, with the address of 16604 Sapphire Manor, Weston, Broward County, Florida, 33331.  As such, personal jurisdiction over SCUBA CARIBE is properly exercised pursuant to *Fla. Stat.* §48,193,(2).

    c.    At all material times, Defendant MACO CARIBE, INC., personally and/or through its agent AQUA CARIBE, engages in or carries on a business or

3

business venture in Florida or has an office or agency in this state, to wit:
Maco Caribe, Inc., 1200 S. Ocean Boulevard, 9D, Boca Raton, Florida,
33432. Accordingly, personal jurisdiction over SCUBA CARIBE is
properly exercised pursuant to *Fla. Stat.* §48.193(1)(a).

7. At all material times Defendants GRUPO SIRENIS HOTELS AND RESORTS, GRAND
SIRENIS HOTELS AND RESORTS, GRAND SIRENIS RIVIERA MAYA HOTEL & SPA,
SIRENIS SERVICES, S.L., SIRENIS MANAGEMENT SERVICES, and SIRENIS HOTELS AND
RESORTS (hereafter collectively referred to as "SIRENIS") are and were Spanish companies,
and have their principal place of business in Ibiza, Islas Baleares, Spain.  These Defendants
own and operate hotels under the brand names of SIRENIS HOTELS AND RESORTS and
GRAND SIRENIS HOTELS AND RESORTS, and many other brands throughout the world. This
Defendant may be served through Vacation Tours, Inc., a Florida corporation which coordinates
all of the marketing and sales for SIRENIS in Florida, and does so through an office located at
4201 SW 11th Street, Coral Gables, FL, 33134. Defendant SIRENIS may also be served
pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in
Civil or Criminal Matters, signed at The Hague, November 15, 1965.

8. Personal jurisdiction exists in Florida over Defendant SIRENIS for the following reasons:

    a.    At all material times, Defendant SIRENIS personally or through an agent
operates, conducts, engages in or carries on a business or business
venture in Florida or has an office or agency in this state, to wit: Vacation
Tours, Inc., located at 4201 SW 11th Street, Coral Gables, FL, 33134,
which coordinates all of the marketing and sales for SIRENIS in Florida.
Accordingly, personal jurisdiction over SIRENIS is properly exercised
pursuant to *Fla. Stat.* §48.193(1)(a).

4

9.  At all material times Defendants, AGRUPACION HOTELIER DOLIGA, S.A., d/b/a FIESTA HOTELS AND RESORTS, S.L., FIESTA HOTEL GROUP, PALLADIUM HOTELS & RESORTS, GRAND PALLADIUM COLONIAL RESORT & SPA, and GRAND PALLADIUM KANTENAH RESORT & SPA (hereafter collectively referred to as "FIESTA") are and were Spanish companies operating under the brand names of FIESTA HOTEL GROUP and PALLADIUM HOTELS & RESORTS, and have their principal place of business in Ibiza, Islas Baleares, Spain.  This Defendant owns and operates hotels under the brands of FIESTA HOTEL GROUP and PALLADIUM HOTELS & RESORTS, and many other brands throughout the world.  This Defendant may be served pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Criminal Matters, signed at The Hague, November 15, 1965.

10. Personal jurisdiction exists in Florida over Defendant FIESTA the following reasons:

  a.  At all material times Defendant FIESTA sold, marketed, or leased hotel rooms in its hotels worldwide through brokers, jobbers, wholesalers, or distributors to persons and firms within Florida by means of advertising and agreements with the best and largest tour operators in the United States.  Additionally, FIESTA marketed its hotels through major United States travel magazines and websites to persons and firms within Florida.  As such, FIESTA is conclusively presumed under *Fla. Stat.* §48.181(3) to be both engaged in substantial and not isolated activities within Florida and operating, conducting, engaging in or carrying on a business or business venture in Florida.

  b.  At all material times Defendant FIESTA advertised jobs for sales representatives to be located in the United States, including but not

limited to the states of California, Texas, Illinois, New York, and Florida. As such, FIESTA is conclusively presumed under *Fla. Stat.* §48.181(3) to be both engaged in substantial and not isolated activities within Florida and operating, conducting, engaging in or carrying on a business or business venture in Florida.

11. At all material times, Defendant FIESTA permitted SCUBA CARIBE, a vendor of water sport activities, to operate offices and otherwise reside on the premises of the Grand Palladium Colonial Resort & Spa and the Grand Palladium Kantenah Resort & Spa on Rivera Maya, Mexico for the express purpose of servings as a water sports vendor to resorts. Both of the resorts are resorts owned and operated by FIESTA under the Palladium Hotels & Resorts Brand. SCUBA CARIBE was permitted and expected to solicit resort guests and beachgoers on the beach located directly in front of the resorts. In fact, guests of the resorts and non-resort guests who inquired of the resorts about parasailing activities are referred by resort personnel to SCUBA CARIBE on the beach in front of the resorts.

12. At all material times, FIESTA advertised and held SCUBA CARIBE out to all guests and non-guests alike to be the water sport provider of the resorts.

13. At all material times, Defendant SIRENIS permitted AQUA INN, a vendor of water sport activities, to operate offices and otherwise reside on the premises of the Grand Sirenis Riviera Maya Hotel & Spa in Riviera Maya, Mexico for the express purpose of serving as a water sports vendor to resorts. AQUA INN was permitted and expected to solicit resort guests and beachgoers on the beach located on the resort property, and SIRENIS, advertised free use of AQUA INN'S aquatic equipment for all guests of the resort. In fact, guests of the resorts and non-resort guests who inquired of the resorts about parasailing activities are referred by resort

personnel to AQUA INN located on the premises of the Grand Sirenis Riviera Maya Resort & Spa.

14. At all material times, SIRENIS advertised and held AQUA INN out to all guests and non-guests alike to be the water sport provider of the Grand Sirenis Riviera Maya Hotel & Spa.

15. At all material times Defendant FIESTA consented to and permitted SCUBA CARIBE to lease and occupy space in and upon the premises of the Colonial and Kantenah Resorts, publicly advertised SCUBA CARIBE as the water sports operator of the Colonial and Kantenah Resorts, permitted SCUBA CARIBE to advertise itself as the water sports operator of the Colonial and Kantenah Resorts, benefitted financially from its relationship with SCUBA CARIBE and permitted the open solicitation by SCUBA CARIBE of guests and beach goers on the beaches directly abutting the Colonial and Kantenah Reports, for the purpose of selling and renting water sports equipment and rides.

16. By advertising SCUBA CARIBE as the water sports operator of the Colonial and Kantenah Resorts and by permitting SCUBA CARIBE to operate and sell water sport activities at and on the beach in front of the Colonial and Kantenah Resorts to hotel patrons and others, and by allowing SCUBA CARIBE to associate itself with the Colonial and Kantenah Resorts, FIESTA can be said to have authorized SCUBA CARIBE to act as its actual and/or apparent agent.

17. The operation and availability of these water sports activities on the beach areas in front of the Colonial and Kantenah Resorts was an integral part and attraction of FIESTA and was in furtherance of the hotel's financial and business interests.

18. At all material times SCUBA CARIBE acted within the actual, apparent, express, or implied authority of FIESTA in renting water sport equipment and soliciting water sport rides and

attractions to persons such as MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH, who were guests at the resorts owned by FIESTA.

19. FIESTA retained a degree of control over SCUBA CARIBE with respect to SCUBA CARIBE's operation of its business on hotel property and the abutting beachfront.

20. At all material times, MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH justifiably relied upon the actual and/or apparent agency relationship between the Colonial and Kantenah Resorts, their owners and operators (FIESTA) one the one hand and SCUBA CARIBE on the other.

21. Accordingly, SCUBA CARIBE is an actual or apparent agent of Defendant FIESTA and as SCUBA CARIBE's principal, FIESTA is vicariously liable for the acts and omissions of SCUBA CARIBE in addition to being liable for its own negligence.

22. At all material times Defendant SIRENIS consented to and permitted AQUA INN to lease and occupy space in and upon the premises of the Riviera Maya Resort, publicly advertised AQUA INN as the water sports operator of the Riviera Maya Resort, permitted AQUA INN to advertise itself as the water sports operator of the Riviera Maya Resort, benefitted financially from its relationship with AQUA INN and permitted the open solicitation by AQUA INN of guests and beach goers on the beaches directly abutting the Riviera Maya Resort, for the purpose of selling and renting water sports equipment and rides.

23. By advertising AQUA INN as the water sports operator of the Riviera Maya Resort and by permitting AQUA INN to operate and sell water sport activities at and on the beach in front of the Riviera Maya Resort to hotel patrons and others, and by allowing AQUA INN to associate itself with the Riviera Maya Resort, SIRENIS can be said to have authorized AQUA INN to act as its actual and/or apparent agent.

8

24. The operation and availability of these water sports activities on the beach areas in front of the Riviera Maya Resort was an integral part and attraction of SIRENIS and was in furtherance of the hotel's financial and business interests.

25. At all material times AQUA INN acted within the actual, apparent, express, or implied authority of SIRENIS in renting water sport equipment and soliciting water sport rides and attractions to persons such as MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH, who were invitees of the resorts owned by SIRENIS.

26. SIRENIS retained a degree of control over AQUA INN with respect to AQUA INN's operation of its business on hotel property and the abutting beachfront.

27. At all material times, MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH justifiably relied upon the actual and/or apparent agency relationship between the Riviera Maya Resort, their owners and operators (SIRENIS) one the one hand and AQUA INN on the other.

28. Accordingly, AQUA INN is an actual or apparent agent of Defendant SIRENIS and as AQUA INN's principal, SIRENIS is vicariously liable for the acts and omissions of AQUA INN in addition to being liable for its own negligence.

29. At all material times, Defendants FIESTA, SIRENIS, AQUA INN and SCUBA CARIBE had an agreement with one another whereby AQUA INN and SCUBA CARIBE would provide aquatic activities for the guests of the Colonial, Kantenah and Riviera Maya Resorts. Guests of FIESTA would contract with SCUBA CARIBE for the purchase of aquatic activities, including parasailing, and would be transported directly from the Colonial and Kantenah beachfronts by jet ski. There they would meet a boat operated by agents of AQUA INN, be transferred to the boat and begin the parasailing tour. As a result, Defendants AQUA INN and SCUBA CARIBE are the actual and/or apparent agents of FIESTA and SIRENIS, and MARGARET JANE

9

DAWSON BEAMAN and LISA RAE BALLINGER SMITH justifiably relied upon the actual and/or apparent agency relationship.

30. Accordingly, AQUA INN and SCUBA CARIBE are the actual agents of FIESTA and SIRENIS, and FIESTA and SIRENIS are vicariously liable for the acts and omissions of AQUA INN and SCUBA CARIBE, in addition to being liable for their own negligence.

31. AQUA INN is the actual and/or apparent agent of SCUBA CARIBE AND SCUBA CARIBE is vicariously liable for the acts and omissions of AQUA INN.

32. SCUBA CARIBE, FIESTA, and SIRENIS are vicariously liable for the acts and omissions of the parasailing operators, who were at all times material acting within the course and scope of their employment, actual agency and/or apparent agency of Defendants SCUBA CARIBE, FIESTA, and SIRENIS.

## FACTS GIVING RISE TO CAUSE OF ACTION

33. In 2008, Decedents MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH booked a vacation to the Mayan Riviera thorough Apple Vacations. Apple Vacations is one of the largest vacation wholesalers in the United States booking vacations to the Caribbean, Mexico and Hawaii. Decedents were booked at the Grand Palladium Colonial Resort and Spa, a hotel owned and operated by Defendant FIESTA.

34. On or about October 11, 2008, Decedents MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH, checked into the Grand Palladium Colonial Resort & Spa (the "Colonial") on the Mayan Riviera in Mexico. Defendant FIESTA owns, manages, operates, and/or occupies the Colonial Resort under its Palladium Hotels & Resorts Brand.

35. On or about October 12, 2008, Decedents MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH purchased tickets from the SCUBA CARIBE water sports location on the beachfront of the Grand Palladium Kantenah Resort & Spa (the "Kantenah

10

Resort"). Defendant FIESTA also owns, manages, operates, and/or occupies the Kantenah Resort under its Palladium Hotels & Resorts Brand. In fact, the Colonial Resort and the Kantenah Resort lie within the same property as one another and share amenities and facilities.

36. Prior to October 12, 2008, Defendants FIESTA, SIRENIS, SCUBA CARIBE and AQUA INN had agreements whereby SCUBA CARIBE and AQUA INN would provide water activities to guests of FIESTA and SIRENIS, including parasailing. Guests at FIESTA would board jet skis operated by SCUBA CARIBE agents, and be transported a boat operated by AQUA INN agents, who would then carry out the parasailing venture.

37. On or about October 12, 2008, Decedents MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH, along with SALLY ANN UHRIG purchased a parasailing ride from Defendant SCUBA CARIBE on the Grand Palladium, beachfront property. They were transported on jet skis operated by SCUBA CARIBE, to a boat operated by AQUA INN. There they were loaded onto to boat, and embarked on a tandem parasailing ride.

38. The parasailing operators continued the parasail ride despite approaching inclement weather, and operated the boat in an area that was closed to boaters. During their tandem parasail ride, the tow rope began to deteriorate, and MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH were slammed in to the water, screaming a desperately fighting to live. The inclement weather forced the two women from the water and again into the air, where moments later the parasail rope snapped, slamming MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH into a rocky mountainside, and then again airborne where they finally landed in a trapped tree on private property. Both women, who were later found hanging from the tree, sustained severe head and body trauma and died as a result of their injuries.

11

39. As a direct and proximate result of the active and/or vicarious negligence of Defendants SCUBA CARIBE, SIRENIS, and FIESTA, MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH were killed.

**COUNT I**
**NEGLIGENCE OF MACO CARIBE, INC. D/B/A SCUBA CARIBE**

40. Paragraphs one through thirty-nine are incorporated by reference as though fully set forth herein.

41. At all material times Defendant MACO CARIBE, INC. D/B/A SCUBA CARIBE owned and/or controlled the parasailing operation at the Palladium Colonial Resort & Spa and the Grand Palladium Kantenah Resort & Spa on the Mayan Riviera in Mexico. MACO CARIBE, INC. D/B/A SCUBA CARIBE advertises that it operates locations at the Palladium Colonial Resort & Spa and the Grand Palladium Kantenah Resort & Spa.

42. At all material times, SIRENIS, AQUA INN, FIESTA and MACO CARIBE, INC. D/B/A SCUBA CARIBE had agreements whereby SCUBA CARIBE and AQUA INN would provide water activities to guests of FIESTA and SIRENIS, including parasailing. Guest at FIESTA would board jet skis operated by SCUBA CARIBE agents, and be transported a boat operated by AQUA INN agents, who would then carry out the parasailing venture.

43. At all material times, Defendant MACO CARIBE, INC. D/B/A SCUBA CARIBE owed a duty to the public to exercise reasonable care for the safety and health of its patrons such as Decedents MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH, who exposed to and solicited by MACO CARIBE, INC. D/B/A SCUBA CARIBE.

44. At all material times, Defendant MACO CARIBE, INC. D/B/A SCUBA CARIBE breached its duties of care in one, more or all of the following respects:

> a. Failing to safely operate its activities and on the beach directly abutting the Colonial Resort and the Kantenah Resort where its patrons were

12

known and expected to visit and be solicited by MACO CARIBE, INC. D/B/A SCUBA CARIBE and AQUA INN.

b.    Failing to monitor and inspect MACO CARIBE, INC. D/B/A SCUBA CARIBE and AQUA INN's equipment for defective and dangerous conditions, or to otherwise require proof from its employees, and/or agents on a regular basis that its equipment was properly maintained and/or replaced as it aged or became worn;

c.    Failing to establish procedures, limitations, reporting requirements and guidelines governing MACO CARIBE, INC. D/B/A SCUBA CARIBE and AQUA INN's operation which required MACO CARIBE, INC. D/B/A SCUBA CARIBE and AQUA INN's employees and/or agents to monitor and inspect its equipment on a regular basis and to replace equipment that had become aged or work or which presents a dangerous and defective condition;

d.    Failing to establish procedures, limitations and guidelines governing MACO CARIBE, INC. D/B/A SCUBA CARIBE and AQUA INN's operations which prohibited MACO CARIBE, INC. D/B/A SCUBA CARIBE and AQUA INN from soliciting and renting equipment and rides to beachgoers and guests on the Colonial Resort and Kantenah Resort beachfronts in inclement weather such as that which existed on October 12, 2008, and/or prohibiting operation of the parasailing equipment in situations of inclement weather such as that which existed on October 12, 2008.

e.    Failing to establish procedures, limitations and guidelines requiring that MACO CARIBE, INC. D/B/A SCUBA CARIBE and AQUA INN's employees and/or agents determine the skill and familiarity level of all persons to whom parasail rides were sold and to instruct and educate all users of MACO CARIBE, INC. D/B/A SCUBA CARIBE and AQUA INN's parasail equipment and services on how to use the equipment and services;

f.    Failing to require and ensure that MACO CARIBE, INC. D/B/A SCUBA CARIBE and AQUA INN's employees and/or agents were licensed and otherwise competent to instruct persons on the use of the water sport equipment and competent to operate water sport equipment;

g.    Permitting MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail without first determining their skill and familiarity level with parasailing, without instructing them on how to release themselves from the parasail equipment in an emergency situation, without warning them of the perils associated with parasailing and with parasailing in inclement weather;

h.    Failing to cease all parasail operations when it became apparent that inclement weather was imminent;

i.    Instructing MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail in tandem in inclement weather rather than postponing the parasail adventure until such a time as the weather had passed or in refunding their money at their option;

14

j.      Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for its ordinary and intended use;

k.      Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for use in windy and inclement weather conditions;

l.      Permitting instructing riders to parasail in tandem using the parasail equipment, including the tow rope and winch, when it was in a state of disrepair and unfit for its intended and ordinary uses;

m.      Misrepresenting the safety of parasailing in tandem in inclement weather;

n.      Operating the parasailing equipments in an area that was closed to boaters;

o.      Failing to have and/or implement an emergency plan in the event a tow rope broke and/or the rope became caught up in the winch too quickly and safely rescue parasail riders from the ocean waters and/or retrieve parasail riders who had become detached from the tow rope;

p.      Failing to employ parasail operators familiar with CPR and other first aid or life saving measures; and

q.      Failing to warn of the perils associated with parasailing and parasailing in inclement weather and to warn of the defects associated with the parasail equipment used by MACO CARIBE, INC. D/B/A SCUBA CARIBE and AQUA INN.

45. At all material times, Defendant MACO CARIBE, INC. D/B/A SCUBA CARIBE knew or should have known that the use of defective, aged and deteriorated parasailing equipment could

15

result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from MACO CARIBE, INC. D/B/A SCUBA CARIBE.

46. At all material times, Defendant MACO CARIBE, INC. D/B/A SCUBA CARIBE knew or should have known that operating parasail equipment in weather conditions such as those that existed on October 12, 2008 could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from MACO CARIBE, INC. D/B/A SCUBA CARIBE.

47. As a direct and proximate result of the above-described acts and omissions of SCUBA CARIBE, MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH were killed and Defendant MACO CARIBE, INC. D/B/A SCUBA CARIBE is liable to Plaintiffs for all damages to which the Estates and survivors and beneficiaries are entitled, including but not limited to the following as applicable law may provide:

      a.      Pain and suffering of MARGARET JANE DAWSON BEAMAN prior to her death;

      b.      Pain and suffering of LISA RAE BALLINGER SMITH prior to her death;

      c.      Pain and suffering of MARK A. BEAMAN as a result of the wrongful death of his wife, MARGARET JANE DAWSON BEAMAN;

      d.      Pain and suffering of JERRY SMITH as a result of the wrongful death of his wife, LISA RAE BALLINGER SMITH;

      e.      Pain and suffering of ANDREW SMITH as a result of the wrongful death of his mother, LISA RAE BALLINGER SMITH;

      f.      Lost society, companionship, guidance, solace and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

g.   Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

h.   Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

i.   Loss of support and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

j.   Loss of support and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

k.   Loss of support and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

l.   Loss of MARGARET JANE DAWSON BEAMAN's net accumulations;

m.   Loss of LISA RAE BALLINGER SMITH's net accumulations;

n.   Funeral and medical expenses regarding MARGARET JANE DAWSON BEAMAN;

o.   Funeral and medical expenses regarding LISA RAE BALLINGER SMITH; and/or

p.   Any and all other damage to which Plaintiffs, the survivors and/or beneficiaries may be entitled which this Court may find applicable.

WHEREFORE, Plaintiffs demand judgment against MACO CARIBE, INC. D/B/A SCUBA CARIBE for compensatory damages, interest and costs and such other relief deemed appropriate by this Court.


## COUNT II
## NEGLIGENCE OF MACO CARIBE, INC. D/B/A AQUA CARIBE

17

48. Paragraphs one through forty-six are incorporated by reference as though fully set forth herein.

49. At all material times Defendant MACO CARIBE, INC. D/B/A AQUA CARIBE owned and/or controlled the parasailing operation at the Palladium Colonial Resort & Spa and the Grand Palladium Kantenah Resort & Spa on the Mayan Riviera in Mexico.  MACO CARIBE D/B/A AQUA CARIBE advertises that it operates locations at the Palladium Colonial Resort & Spa and the Grand Palladium Kantenah Resort & Spa.

50. Prior to October 12, 2008, Defendants FIESTA, SIRENIS, MACO CARIBE, INC. D/B/A AQUA CARIBE and AQUA INN had agreements whereby SCUBA CARIBE and AQUA INN would provide water activities to guests of FIESTA and SIRENIS, including parasailing.  Guests at FIESTA would board jet skis operated by SCUBA CARIBE agents, and be transported a boat operated by AQUA INN agents, who would then carry out the parasailing venture.

51. At all material times, Defendant MACO CARIBE, INC. D/B/A AQUA CARIBE owed a duty to the public to exercise reasonable care for the safety and health of its patrons such as Decedents MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH, who exposed to and solicited by MACO CARIBE, INC. D/B/A AQUA CARIBE.

52. At all material times, Defendant MACO CARIBE, INC. D/B/A AQUA CARIBE breached its duties of care in one, more or all of the following respects:

> a. Failing to safely operate its activities and on the beach directly abutting the Colonial Resort and the Kantenah Resort where its patrons were known and expected to visit and be solicited by MACO CARIBE, INC. D/B/A AQUA CARIBE and AQUA INN.
>
> b. Failing to monitor and inspect MACO CARIBE, INC. D/B/A AQUA CARIBE and AQUA INN's equipment for defective and dangerous

18

conditions, or to otherwise require proof from its employees, and/or agents on a regular basis that its equipment was properly maintained and/or replaced as it aged or became worn;

c.  Failing to establish procedures, limitations, reporting requirements and guidelines governing MACO CARIBE, INC. D/B/A AQUA CARIBE and AQUA INN's operation which required MACO CARIBE, INC. D/B/A AQUA CARIBE and AQUA INN's employees and/or agents to monitor and inspect its equipment on a regular basis and to replace equipment that had become aged or work or which presents a dangerous and defective condition;

d.  Failing to establish procedures, limitations and guidelines governing MACO CARIBE, INC. D/B/A AQUA CARIBE and AQUA INN's operations which prohibited MACO CARIBE, INC. D/B/A AQUA CARIBE and AQUA INN from soliciting and renting equipment and rides to beach goers and guests on the Colonial Resort and Kantenah Resort beachfronts in inclement weather such as that which existed on October 12, 2008, and/or prohibiting operation of the parasailing equipment in situations of inclement weather such as that which existed on October 12, 2008.

e.  Failing to establish procedures, limitations and guidelines requiring that MACO CARIBE, INC. D/B/A AQUA CARIBE and AQUA INN's employees and/or agents determine the skill and familiarity level of all persons to whom parasail rides were sold and to instruct and educate all users of MACO CARIBE, INC. D/B/A AQUA CARIBE and AQUA INN's parasail equipment and services on how to use the equipment and services;

f. Failing to require and ensure that MACO CARIBE, INC. D/B/A AQUA CARIBE and AQUA INN's employees and/or agents were licensed and otherwise competent to instruct persons on the use of the water sport equipment and competent to operate water sport equipment;

g. Permitting MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail without first determining their skill and familiarity level with parasailing, without instructing them on how to release themselves from the parasail equipment in an emergency situation, without warning them of the perils associated with parasailing and with parasailing in inclement weather;

h. Failing to cease all parasail operations when it became apparent that inclement weather was imminent;

I. Instructing MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail in tandem in inclement weather rather than postponing the parasail adventure until such a time as the weather had passed or in refunding their money at their option;

j. Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for its ordinary and intended use;

k. Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for use in windy and inclement weather conditions;

l. Permitting instructing riders to parasail in tandem using the parasail equipment, including the tow rope and winch, when it was in a state of disrepair and unfit for its intended and ordinary uses;

20

m.   Misrepresenting the safety of parasailing in tandem in inclement weather;

n.   Operating the parasailing equipments in an area that was closed to boaters;

o.   Failing to have and/or implement an emergency plan in the event a tow rope broke and/or the rope became caught up in the winch to quickly and safely rescue parasail riders from the ocean waters and/or retrieve parasail riders who had become detached from the tow rope;

p.   Failing to employ parasail operators familiar with CPR and other first aid or life saving measures; and

q.   Failing to warn of the perils associated with parasailing and parasailing in inclement weather and to warn of the defects associated with the parasail equipment used by MACO CARIBE, INC. D/B/A AQUA CARIBE and AQUA INN.

53. At all material times, Defendant MACO CARIBE, INC. D/B/A AQUA CARIBE knew or should have known that the use of defective, aged and deteriorated parasailing equipment could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from MACO CARIBE, INC. D/B/A AQUA CARIBE.

54. At all material times, Defendant MACO CARIBE, INC. D/B/A AQUA CARIBE knew or should have known that operating parasail equipment in weather conditions such as those that existed on October 12, 2008 could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from MACO CARIBE, INC. D/B/A AQUA CARIBE.

55. As a direct and proximate result of the above-described acts and omissions of MACO CARIBE, INC. D/B/A AQUA CARIBE, MARGARET JANE DAWSON BEAMAN and LISA RAE

BALLINGER SMITH were killed and Defendant MACO CARIBE, INC. D/B/A AQUA CARIBE is liable to Plaintiffs for all damages to which the Estates and survivors and beneficiaries are entitled, including but not limited to the following as applicable law may provide:

    a.    Pain and suffering of MARGARET JANE DAWSON BEAMAN prior to her death;

    b.    Pain and suffering of LISA RAE BALLINGER SMITH prior to her death;

    c.    Pain and suffering of MARK A. BEAMAN as a result of the wrongful death of his wife, MARGARET JANE DAWSON BEAMAN;

    d.    Pain and suffering of JERRY SMITH as a result of the wrongful death of his wife, LISA RAE BALLINGER SMITH;

    e.    Pain and suffering of ANDREW SMITH as a result of the wrongful death of his mother, LISA RAE BALLINGER SMITH;

    f.    Lost society, companionship, guidance, solace and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

    g.    Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

    h.    Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

    i.    Loss of support and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

    j.    Loss of support and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

    k.    Loss of support and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

22

l.   Loss of MARGARET JANE DAWSON BEAMAN's net accumulations;

m.   Loss of LISA RAE BALLINGER SMITH's net accumulations;

n.   Funeral and medical expenses regarding MARGARET JANE DAWSON BEAMAN;

o.   Funeral and medical expenses regarding LISA RAE BALLINGER SMITH; and/or

p.   Any and all other damage to which Plaintiffs, the survivors and/or beneficiaries may be entitled which this Court may find applicable.

WHEREFORE, Plaintiffs demand judgment against MACO CARIBE, INC. D/B/A AQUA CARIBE for compensatory damages, interest and costs and such other relief deemed appropriate by this Court.

## COUNT III
## NEGLIGENCE OF GRUPO SIRENIS HOTELS AND RESORTS

56. Paragraphs one through thirty-nine are incorporated by reference as though fully set forth herein.

57. At all material times Defendant GRUPO SIRENIS HOTELS AND RESORTS owned and/or controlled the operation of the Grand Sirenis Riviera Maya Hotel & Resort on the Mayan Riviera in Mexico.

58. At all material times, GRUPO SIRENIS HOTELS AND RESORTS, AQUA INN, FIESTA and SCUBA CARIBE had agreements whereby SCUBA CARIBE and AQUA INN would provide water activities to guests of FIESTA and SIRENIS, including parasailing. Guests at FIESTA would board jet skis operated by SCUBA CARIBE agents, and be transported a boat operated by AQUA INN agents, who would then carry out the parasailing venture.

23

59. At all material times, Defendant GRUPO SIRENIS HOTELS AND RESORTS owed a duty to the public to exercise reasonable care for the safety and health of its guests and non-hotel guests who were subjected to the agreement between GRUPO SIRENIS HOTELS AND RESORTS, AQUA INN, FIESTA and SCUBA CARIBE, such as Decedents MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH, who were expected by GRUPO SIRENIS HOTELS AND RESORTS to be exposed to and solicited by its advertised water sports operators, AQUA INN and SCUBA CARIBE.

60. At all material times, Defendant GRUPO SIRENIS HOTELS AND RESORTS breached its duties of care in one, more or all of the following respects:

a.   Failing to supervise AQUA INN and SCUBA CARIBE's activities at its resorts where its guests and others were known and expected to visit and be solicited by AQUA INN and SCUBA CARIBE.

b.   Failing to monitor and inspect AQUA INN and SCUBA CARIBE's equipment for defective and dangerous conditions, or to otherwise require proof from AQUA INN and SCUBA CARIBE on a regular basis that its equipment was properly maintained and/or replaced as it aged or became worn;

c.   Failing to establish procedures, limitations, reporting requirements and guidelines governing AQUA INN and SCUBA CARIBE's operation as the water sports operator for the resorts which required AQUA INN and SCUBA CARIBE to monitor and inspect its equipment on a regular basis and to replace equipment that had become aged or work or which presents a dangerous and defective condition;

24

d.   Failing to establish procedures, limitations and guidelines governing AQUA INN and SCUBA CARIBE which prohibited AQUA INN and SCUBA CARIBE from soliciting and renting equipment and rides to beach goers and guests on the Colonial Resort and Kantenah Resort beachfronts in inclement weather such as that which existed on October 12, 2008, and/or prohibiting AQUA INN and SCUBA CARIBE from operating the parasailing equipment in situations of inclement weather such as that which existed on October 12, 2008.

e.   Failing to establish procedures, limitations and guidelines requiring that AQUA INN and SCUBA CARIBE determine the skill and familiarity level of all persons to whom parasail rides were sold and to instruct and educate all users of AQUA INN and SCUBA CARIBE's parasail equipment and services on how to sue the equipment and services;

f.   Failing to require and ensure that AQUA INN and SCUBA CARIBE employees were licensed and otherwise competent to instruct persons on the use of the water sport equipment and competent to operate water sport equipment;

g.   Permitting MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail without first determining their skill and familiarity level with parasailing, without instructing them on how to release themselves from the parasail equipment in an emergency situation, without warning them of the perils associated with parasailing and with parasailing in inclement weather;

25

h.   Failing to demand that AQUA INN and SCUBA CARIBE cease all parasail operations when it became apparent that inclement weather was imminent;

i.   Instructing MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail in tandem in inclement weather rather than postponing the parasail adventure until such a time as the weather had passed or in refunding their money at their option;

j.   Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for its ordinary and intended use;

k.   Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for use in windy and inclement weather conditions;

l.   Permitting instructing riders to parasail in tandem using the parasail equipment, including the tow rope and winch, when it was in a state of disrepair and unfit for its intended and ordinary uses;

m.   Misrepresenting the safety of parasailing in tandem in inclement weather;

n.   Operating the parasailing equipments in an area that was closed to boaters;

o.   Failing to have and/or implement an emergency plan in the event a tow rope broke and/or the rope became caught up in the winch too quickly and safely rescue parasail riders from the ocean waters and/or retrieve parasail riders who had become detached from the tow rope;

p.   Failing to employ parasail operators familiar with CPR and other first aid or life saving measures; and

26

q.   Failing to warn of the perils associated with parasailing and parasailing in inclement weather and to warn of the defects associated with the parasail equipment used by SCUBA CARIBE and AQUA INN.

61. At all material times, Defendant GRUPO SIRENIS HOTELS AND RESORTS knew or should have known that the use of defective, aged and deteriorated parasailing equipment could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

62. At all material times, Defendant GRUPO SIRENIS HOTELS AND RESORTS knew or should have known that operating parasail equipment in weather conditions such as those that existed on October 12, 2008  could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

63. As a direct and proximate result of the above-described acts and omissions of GRUPO SIRENIS HOTELS AND RESORTS, MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH were killed and Defendant GRUPO SIRENIS HOTELS AND RESORTS is liable to Plaintiffs for all damages to which the Estates and survivors and beneficiaries are entitled, including but not limited to the following as applicable law may provide:

a.   Pain and suffering of MARGARET JANE DAWSON BEAMAN prior to her death;

b.   Pain and suffering of LISA RAE BALLINGER SMITH prior to her death;

c.   Pain and suffering of MARK A. BEAMAN as a result of the wrongful death of his wife, MARGARET JANE DAWSON BEAMAN;

d.   Pain and suffering of JERRY SMITH as a result of the wrongful death of his wife, LISA RAE BALLINGER SMITH;

e.  Pain and suffering of ANDREW SMITH as a result of the wrongful death of his mother, LISA RAE BALLINGER SMITH;

f.  Lost society, companionship, guidance, solace and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

g.  Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

h.  Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

i.  Loss of support and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

j.  Loss of support and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

k.  Loss of support and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

l.  Loss of MARGARET JANE DAWSON BEAMAN's net accumulations;

m.  Loss of LISA RAE BALLINGER SMITH's net accumulations;

n.  Funeral and medical expenses regarding MARGARET JANE DAWSON BEAMAN;

o.  Funeral and medical expenses regarding LISA RAE BALLINGER SMITH; and/or

p.  Any and all other damage to which Plaintiffs, the survivors and/or beneficiaries may be entitled which this Court may find applicable.

WHEREFORE, Plaintiffs demand judgment against GRUPO SIRENIS HOTELS AND RESORTS for compensatory damages, interest and costs and such other relief deemed appropriate by this Court.

## COUNT IV
## NEGLIGENCE OF GRAND SIRENIS HOTELS AND RESORTS

64. Paragraphs one through thirty-nine are incorporated by reference as though fully set forth herein.

65. At all material times Defendant GRAND SIRENIS HOTELS AND RESORTS owned and/or controlled the operation of the Grand Sirenis Riviera Maya Hotel & Resort on the Mayan Riviera in Mexico.

66. At all material times, GRAND SIRENIS HOTELS AND RESORTS, AQUA INN, FIESTA and SCUBA CARIBE had agreements whereby SCUBA CARIBE and AQUA INN would provide water activities to guests of FIESTA and SIRENIS, including parasailing. Guests at FIESTA would board jet skis operated by SCUBA CARIBE agents, and be transported a boat operated by AQUA INN agents, who would then carry out the parasailing venture.

67. At all material times, Defendant GRAND SIRENIS HOTELS AND RESORTS owed a duty to the public to exercise reasonable care for the safety and health of its guests and non-hotel guests who were subjected to the agreement between GRAND SIRENIS HOTELS AND RESORTS, AQUA INN, FIESTA and SCUBA CARIBE, such as Decedents MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH, who were expected by GRAND SIRENIS HOTELS AND RESORTS to be exposed to and solicited by its advertised water sports operators, AQUA INN and SCUBA CARIBE.

68. At all material times, Defendant GRAND SIRENIS HOTELS AND RESORTS breached its duties of care in one, more or all of the following respects:

a.  Failing to supervise AQUA INN and SCUBA CARIBE's activities at its resorts where its guests and others were known and expected to visit and be solicited by AQUA INN and SCUBA CARIBE.

b.  Failing to monitor and inspect AQUA INN and SCUBA CARIBE's equipment for defective and dangerous conditions, or to otherwise require proof from AQUA INN and SCUBA CARIBE on a regular basis that its equipment was properly maintained and/or replaced as it aged or became worn;

c.  Failing to establish procedures, limitations, reporting requirements and guidelines governing AQUA INN and SCUBA CARIBE's operation as the water sports operator for the resorts which required AQUA INN and SCUBA CARIBE to monitor and inspect its equipment on a regular basis and to replace equipment that had become aged or work or which presents a dangerous and defective condition;

d.  Failing to establish procedures, limitations and guidelines governing AQUA INN and SCUBA CARIBE which prohibited AQUA INN and SCUBA CARIBE from soliciting and renting equipment and rides to beach goers and guests on the Colonial Resort and Kantenah Resort beachfronts in inclement weather such as that which existed on October 12, 2008, and/or prohibiting AQUA INN and SCUBA CARIBE from operating the parasailing equipment in situations of inclement weather such as that which existed on October 12, 2008.

e.  Failing to establish procedures, limitations and guidelines requiring that AQUA INN and SCUBA CARIBE determine the skill and familiarity level

30

of all persons to whom parasail rides were sold and to instruct and educate all users of AQUA INN and SCUBA CARIBE's parasail equipment and services on how to sue the equipment and services;

f.  Failing to require and ensure that AQUA INN and SCUBA CARIBE employees were licensed and otherwise competent to instruct persons on the use of the water sport equipment and competent to operate water sport equipment;

g.  Permitting MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail without first determining their skill and familiarity level with parasailing, without instructing them on how to release themselves from the parasail equipment in an emergency situation, without warning them of the perils associated with parasailing and with parasailing in inclement weather;

h.  Failing to demand that AQUA INN and SCUBA CARIBE cease all parasail operations when it became apparent that inclement weather was imminent;

i.  Instructing MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail in tandem in inclement weather rather than postponing the parasail adventure until such a time as the weather had passed or in refunding their money at their option;

j.  Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for its ordinary and intended use;

31

k.   Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for use in windy and inclement weather conditions;

l.   Permitting instructing riders to parasail in tandem using the parasail equipment, including the tow rope and winch, when it was in a state of disrepair and unfit for its intended and ordinary uses;

m.   Misrepresenting the safety of parasailing in tandem in inclement weather;

n.   Operating the parasailing equipments in an area that was closed to boaters;

o.   Failing to have and/or implement an emergency plan in the event a tow rope broke and/or the rope became caught up in the winch too quickly and safely rescue parasail riders from the ocean waters and/or retrieve parasail riders who had become detached from the tow rope;

p.   Failing to employ parasail operators familiar with CPR and other first aid or life saving measures; and

q.   Failing to warn of the perils associated with parasailing and parasailing in inclement weather and to warn of the defects associated with the parasail equipment used by SCUBA CARIBE and AQUA INN.

69. At all material times, Defendant GRAND SIRENIS HOTELS AND RESORTS knew or should have known that the use of defective, aged and deteriorated parasailing equipment could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

70. At all material times, Defendant GRAND SIRENIS HOTELS AND RESORTS knew or should have known that operating parasail equipment in weather conditions such as those that

existed on October 12, 2008  could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

71. As a direct and proximate result of the above-described acts and omissions of GRAND SIRENIS HOTELS AND RESORTS, MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH were killed and Defendant GRAND SIRENIS HOTELS AND RESORTS is liable to Plaintiffs for all damages to which the Estates and survivors and beneficiaries are entitled, including but not limited to the following as applicable law may provide:

a.   Pain and suffering of MARGARET JANE DAWSON BEAMAN prior to her death;

b.   Pain and suffering of LISA RAE BALLINGER SMITH prior to her death;

c.   Pain and suffering of MARK A. BEAMAN as a result of the wrongful death of his wife, MARGARET JANE DAWSON BEAMAN;

d.   Pain and suffering of JERRY SMITH as a result of the wrongful death of his wife, LISA RAE BALLINGER SMITH;

e.   Pain and suffering of ANDREW SMITH as a result of the wrongful death of his mother, LISA RAE BALLINGER SMITH;

f.   Lost society, companionship, guidance, solace and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

g.   Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

h.   Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

33

i.     Loss of support and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

j.     Loss of support and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

k.    Loss of support and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

l.     Loss of MARGARET JANE DAWSON BEAMAN's net accumulations;

m.   Loss of LISA RAE BALLINGER SMITH's net accumulations;

n.    Funeral and medical expenses regarding MARGARET JANE DAWSON BEAMAN;

o.    Funeral and medical expenses regarding LISA RAE BALLINGER SMITH; and/or

p.    Any and all other damage to which Plaintiffs, the survivors and/or beneficiaries may be entitled which this Court may find applicable.

WHEREFORE, Plaintiffs demand judgment against GRAND SIRENIS HOTELS AND RESORTS for compensatory damages, interest and costs and such other relief deemed appropriate by this Court.

## COUNT V
## NEGLIGENCE OF GRAND SIRENIS RIVIERA MAYA HOTEL & SPA

72.    Paragraphs one through thirty-nine are incorporated by reference as though fully set forth herein.

73.    At all material times Defendant GRAND SIRENIS RIVIERA MAYA HOTEL AND SPA owned and/or controlled the operation of the Grand Sirenis Riviera Maya Hotel & Resort on the Mayan Riviera in Mexico.

74.     At all material times, GRAND SIRENIS RIVIERA MAYA HOTEL AND SPA, AQUA INN, FIESTA and SCUBA CARIBE had agreements whereby SCUBA CARIBE and AQUA INN would provide water activities to guests of FIESTA and SIRENIS, including parasailing.  Guests at FIESTA would board jet skis operated by SCUBA CARIBE agents, and be transported a boat operated by AQUA INN agents, who would then carry out the parasailing venture.

75.     At all material times, Defendant GRAND SIRENIS RIVIERA MAYA HOTEL AND SPA owed a duty to the public to exercise reasonable care for the safety and health of its guests and non-hotel guests who were subjected to the agreement between GRAND SIRENIS RIVIERA MAYA HOTEL AND SPA, AQUA INN, FIESTA and SCUBA CARIBE, such as Decedents MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH, who were expected by GRAND SIRENIS RIVIERA MAYA HOTEL AND SPA to be exposed to and solicited by its advertised water sports operators, AQUA INN and SCUBA CARIBE.

76.     At all material times, Defendant GRAND SIRENIS RIVIERA MAYA HOTEL AND SPA breached its duties of care in one, more or all of the following respects:

        a.     Failing to supervise AQUA INN and SCUBA CARIBE's activities at its resorts where its guests and others were known and expected to visit and be solicited by AQUA INN and SCUBA CARIBE.

        b.     Failing to monitor and inspect AQUA INN and SCUBA CARIBE's equipment for defective and dangerous conditions, or to otherwise require proof from AQUA INN and SCUBA CARIBE on a regular basis that its equipment was properly maintained and/or replaced as it aged or became worn;

c.   Failing to establish procedures, limitations, reporting requirements and guidelines governing AQUA INN and SCUBA CARIBE's operation as the water sports operator for the resorts which required AQUA INN and SCUBA CARIBE to monitor and inspect its equipment on a regular basis and to replace equipment that had become aged or work or which presents a dangerous and defective condition;

d.   Failing to establish procedures, limitations and guidelines governing AQUA INN and SCUBA CARIBE which prohibited AQUA INN and SCUBA CARIBE from soliciting and renting equipment and rides to beach goers and guests on the Colonial Resort and Kantenah Resort beachfronts in inclement weather such as that which existed on October 12, 2008, and/or prohibiting AQUA INN and SCUBA CARIBE from operating the parasailing equipment in situations of inclement weather such as that which existed on October 12, 2008.

e.   Failing to establish procedures, limitations and guidelines requiring that AQUA INN and SCUBA CARIBE determine the skill and familiarity level of all persons to whom parasail rides were sold and to instruct and educate all users of AQUA INN and SCUBA CARIBE's parasail equipment and services on how to sue the equipment and services;

f.   Failing to require and ensure that AQUA INN and SCUBA CARIBE employees were licensed and otherwise competent to instruct persons on the use of the water sport equipment and competent to operate water sport equipment;

g.  Permitting MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail without first determining their skill and familiarity level with parasailing, without instructing them on how to release themselves from the parasail equipment in an emergency situation, without warning them of the perils associated with parasailing and with parasailing in inclement weather;

h.  Failing to demand that AQUA INN and SCUBA CARIBE cease all parasail operations when it became apparent that inclement weather was imminent;

i.  Instructing MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail in tandem in inclement weather rather than postponing the parasail adventure until such a time as the weather had passed or in refunding their money at their option;

j.  Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for its ordinary and intended use;

k.  Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for use in windy and inclement weather conditions;

l.  Permitting instructing riders to parasail in tandem using the parasail equipment, including the tow rope and winch, when it was in a state of disrepair and unfit for its intended and ordinary uses;

m.  Misrepresenting the safety of parasailing in tandem in inclement weather;

n.  Operating the parasailing equipments in an area that was closed to boaters;

37

o.   Failing to have and/or implement an emergency plan in the event a tow rope broke and/or the rope became caught up in the winch too quickly and safely rescue parasail riders from the ocean waters and/or retrieve parasail riders who had become detached from the tow rope;

p.   Failing to employ parasail operators familiar with CPR and other first aid or life saving measures; and

q.   Failing to warn of the perils associated with parasailing and parasailing in inclement weather and to warn of the defects associated with the parasail equipment used by SCUBA CARIBE and AQUA INN.

77.   At all material times, Defendant GRAND SIRENIS RIVIERA MAYA HOTEL AND SPA knew or should have known that the use of defective, aged and deteriorated parasailing equipment could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

78.   At all material times, Defendant GRAND SIRENIS RIVIERA MAYA HOTEL AND SPA knew or should have known that operating parasail equipment in weather conditions such as those that existed on October 12, 2008 could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

79.   As a direct and proximate result of the above-described acts and omissions of GRAND SIRENIS RIVIERA MAYA HOTEL & SPA, MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH were killed and Defendant GRAND SIRENIS RIVIERA MAYA HOTEL AND SPA is liable to Plaintiffs for all damages to which the Estates and survivors and beneficiaries are entitled, including but not limited to the following as applicable law may provide:

a.   Pain and suffering of MARGARET JANE DAWSON BEAMAN prior to her death;

b.   Pain and suffering of LISA RAE BALLINGER SMITH prior to her death;

c.   Pain and suffering of MARK A. BEAMAN as a result of the wrongful death of his wife, MARGARET JANE DAWSON BEAMAN;

d.   Pain and suffering of JERRY SMITH as a result of the wrongful death of his wife, LISA RAE BALLINGER SMITH;

e.   Pain and suffering of ANDREW SMITH as a result of the wrongful death of his mother, LISA RAE BALLINGER SMITH;

f.   Lost society, companionship, guidance, solace and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

g.   Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

h.   Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

i.   Loss of support and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

j.   Loss of support and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

k.   Loss of support and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

l.   Loss of MARGARET JANE DAWSON BEAMAN's net accumulations;

m.   Loss of LISA RAE BALLINGER SMITH's net accumulations;

n.     Funeral and medical expenses regarding MARGARET JANE DAWSON BEAMAN;

o.     Funeral and medical expenses regarding LISA RAE BALLINGER SMITH; and/or

p.     Any and all other damage to which Plaintiffs, the survivors and/or beneficiaries may be entitled which this Court may find applicable.

WHEREFORE, Plaintiffs demand judgment against GRAND SIRENIS RIVIERA MAYA HOTEL AND SPA for compensatory damages, interest and costs and such other relief deemed appropriate by this Court.

## COUNT VI
## NEGLIGENCE OF SIRENIS SERVICES, S.L.

80.     Paragraphs one through thirty-nine are incorporated by reference as though fully set forth herein.

81.     At all material times Defendant SIRENIS SERVICES, S.L. owned and/or controlled the operation of the Grand Sirenis Riviera Maya Hotel & Resort on the Mayan Riviera in Mexico.

82.     At all material times, SIRENIS SERVICES, S.L., AQUA INN, FIESTA and SCUBA CARIBE had agreements whereby SCUBA CARIBE and AQUA INN would provide water activities to guests of FIESTA and SIRENIS, including parasailing.  Guests at FIESTA would board jet skis operated by SCUBA CARIBE agents, and be transported a boat operated by AQUA INN agents, who would then carry out the parasailing venture.

83.     At all material times, Defendant SIRENIS SERVICES, S.L. owed a duty to the public to exercise reasonable care for the safety and health of its guests and non-hotel guests who were subjected to the agreement between SIRENIS SERVICES, S.L., AQUA INN, FIESTA

and SCUBA CARIBE, such as Decedents MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH, who were expected by SIRENIS SERVICES, S.L. to be exposed to and solicited by its advertised water sports operators, AQUA INN and SCUBA CARIBE.

84.    At all material times, Defendant SIRENIS SERVICES, S.L. breached its duties of care in one, more or all of the following respects:

a.    Failing to supervise AQUA INN and SCUBA CARIBE's activities at its resorts where its guests and others were known and expected to visit and be solicited by AQUA INN and SCUBA CARIBE.

b.    Failing to monitor and inspect AQUA INN and SCUBA CARIBE's equipment for defective and dangerous conditions, or to otherwise require proof from AQUA INN and SCUBA CARIBE on a regular basis that its equipment was properly maintained and/or replaced as it aged or became worn;

c.    Failing to establish procedures, limitations, reporting requirements and guidelines governing AQUA INN and SCUBA CARIBE's operation as the water sports operator for the resorts which required AQUA INN and SCUBA CARIBE to monitor and inspect its equipment on a regular basis and to replace equipment that had become aged or work or which presents a dangerous and defective condition;

d.    Failing to establish procedures, limitations and guidelines governing AQUA INN and SCUBA CARIBE which prohibited AQUA INN and SCUBA CARIBE from soliciting and renting equipment and rides to beach goers and guests on the Colonial Resort and Kantenah Resort beachfronts in inclement weather such as that which existed on October

41

12, 2008, and/or prohibiting AQUA INN and SCUBA CARIBE from operating the parasailing equipment in situations of inclement weather such as that which existed on October 12, 2008.

e.   Failing to establish procedures, limitations and guidelines requiring that AQUA INN and SCUBA CARIBE determine the skill and familiarity level of all persons to whom parasail rides were sold and to instruct and educate all users of AQUA INN and SCUBA CARIBE's parasail equipment and services on how to sue the equipment and services;

f.   Failing to require and ensure that AQUA INN and SCUBA CARIBE employees were licensed and otherwise competent to instruct persons on the use of the water sport equipment and competent to operate water sport equipment;

g.   Permitting MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail without first determining their skill and familiarity level with parasailing, without instructing them on how to release themselves from the parasail equipment in an emergency situation, without warning them of the perils associated with parasailing and with parasailing in inclement weather;

h.   Failing to demand that AQUA INN and SCUBA CARIBE cease all parasail operations when it became apparent that inclement weather was imminent;

i.   Instructing MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail in tandem in inclement weather rather

than postponing the parasail adventure until such a time as the weather had passed or in refunding their money at their option;

j.   Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for its ordinary and intended use;

k.   Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for use in windy and inclement weather conditions;

l.   Permitting instructing riders to parasail in tandem using the parasail equipment, including the tow rope and winch, when it was in a state of disrepair and unfit for its intended and ordinary uses;

m.   Misrepresenting the safety of parasailing in tandem in inclement weather;

n.   Operating the parasailing equipments in an area that was closed to boaters;

o.   Failing to have and/or implement an emergency plan in the event a tow rope broke and/or the rope became caught up in the winch too quickly and safely rescue parasail riders from the ocean waters and/or retrieve parasail riders who had become detached from the tow rope;

p.   Failing to employ parasail operators familiar with CPR and other first aid or life saving measures; and

q.   Failing to warn of the perils associated with parasailing and parasailing in inclement weather and to warn of the defects associated with the parasail equipment used by SCUBA CARIBE and AQUA INN.

85.   At all material times, Defendant SIRENIS SERVICES, S.L. knew or should have known that the use of defective, aged and deteriorated parasailing equipment could result in

43

serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

86.     At all material times, Defendant SIRENIS SERVICES, S.L. knew or should have known that operating parasail equipment in weather conditions such as those that existed on October 12, 2008 could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

87.     As a direct and proximate result of the above-described acts and omissions of SIRENIS SERVICES, S.L., MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH were killed and Defendant SIRENIS SERVICES, S.L. is liable to Plaintiffs for all damages to which the Estates and survivors and beneficiaries are entitled, including but not limited to the following as applicable law may provide:

      a.    Pain and suffering of MARGARET JANE DAWSON BEAMAN prior to her death;

      b.    Pain and suffering of LISA RAE BALLINGER SMITH prior to her death;

      c.    Pain and suffering of MARK A. BEAMAN as a result of the wrongful death of his wife, MARGARET JANE DAWSON BEAMAN;

      d.    Pain and suffering of JERRY SMITH as a result of the wrongful death of his wife, LISA RAE BALLINGER SMITH;

      e.    Pain and suffering of ANDREW SMITH as a result of the wrongful death of his mother, LISA RAE BALLINGER SMITH;

      f.    Lost society, companionship, guidance, solace and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

      g.    Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

44

h.   Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

i.   Loss of support and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

j.   Loss of support and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

k.   Loss of support and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

l.   Loss of MARGARET JANE DAWSON BEAMAN's net accumulations;

m.   Loss of LISA RAE BALLINGER SMITH's net accumulations;

n.   Funeral and medical expenses regarding MARGARET JANE DAWSON BEAMAN;

o.   Funeral and medical expenses regarding LISA RAE BALLINGER SMITH; and/or

p.   Any and all other damage to which Plaintiffs, the survivors and/or beneficiaries may be entitled which this Court may find applicable.

WHEREFORE, Plaintiffs demand judgment against SIRENIS SERVICES, S.L. for compensatory damages, interest and costs and such other relief deemed appropriate by this Court.

## COUNT VII
## NEGLIGENCE OF SIRENIS MANAGEMENT SERVICES

88.   Paragraphs one through thirty-nine are incorporated by reference as though fully set forth herein.

89.    At all material times Defendant SIRENIS MANAGEMENT SERVICES owned and/or controlled the operation of the Grand Sirenis Riviera Maya Hotel & Resort on the Mayan Riviera in Mexico.

90.    At all material times, SIRENIS MANAGEMENT SERVICES, AQUA INN, FIESTA and SCUBA CARIBE had agreements whereby SCUBA CARIBE and AQUA INN would provide water activities to guests of FIESTA and SIRENIS, including parasailing.  Guests at FIESTA would board jet skis operated by SCUBA CARIBE agents, and be transported a boat operated by AQUA INN agents, who would then carry out the parasailing venture.

91.    At all material times, Defendant SIRENIS MANAGEMENT SERVICES owed a duty to the public to exercise reasonable care for the safety and health of its guests and non-hotel guests who were subjected to the agreement between SIRENIS MANAGEMENT SERVICES, AQUA INN, FIESTA and SCUBA CARIBE, such as Decedents MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH, who were expected by SIRENIS MANAGEMENT SERVICES to be exposed to and solicited by its advertised water sports operators, AQUA INN and SCUBA CARIBE.

92.    At all material times, Defendant SIRENIS MANAGEMENT SERVICES breached its duties of care in one, more or all of the following respects:

a.    Failing to supervise AQUA INN and SCUBA CARIBE's activities at its resorts where its guests and others were known and expected to visit and be solicited by AQUA INN and SCUBA CARIBE.

b.    Failing to monitor and inspect AQUA INN and SCUBA CARIBE's equipment for defective and dangerous conditions, or to otherwise require proof from AQUA INN and SCUBA CARIBE on a regular basis that its

46

equipment was properly maintained and/or replaced as it aged or became worn;

c.      Failing to establish procedures, limitations, reporting requirements and guidelines governing AQUA INN and SCUBA CARIBE's operation as the water sports operator for the resorts which required AQUA INN and SCUBA CARIBE to monitor and inspect its equipment on a regular basis and to replace equipment that had become aged or work or which presents a dangerous and defective condition;

d.      Failing to establish procedures, limitations and guidelines governing AQUA INN and SCUBA CARIBE which prohibited AQUA INN and SCUBA CARIBE from soliciting and renting equipment and rides to beach goers and guests on the Colonial Resort and Kantenah Resort beachfronts in inclement weather such as that which existed on October 12, 2008, and/or prohibiting AQUA INN and SCUBA CARIBE from operating the parasailing equipment in situations of inclement weather such as that which existed on October 12, 2008.

e.      Failing to establish procedures, limitations and guidelines requiring that AQUA INN and SCUBA CARIBE determine the skill and familiarity level of all persons to whom parasail rides were sold and to instruct and educate all users of AQUA INN and SCUBA CARIBE's parasail equipment and services on how to sue the equipment and services;

f.      Failing to require and ensure that AQUA INN and SCUBA CARIBE employees were licensed and otherwise competent to instruct persons on

47

the use of the water sport equipment and competent to operate water sport equipment;

g.    Permitting MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail without first determining their skill and familiarity level with parasailing, without instructing them on how to release themselves from the parasail equipment in an emergency situation, without warning them of the perils associated with parasailing and with parasailing in inclement weather;

h.    Failing to demand that AQUA INN and SCUBA CARIBE cease all parasail operations when it became apparent that inclement weather was imminent;

i.    Instructing MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail in tandem in inclement weather rather than postponing the parasail adventure until such a time as the weather had passed or in refunding their money at their option;

j.    Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for its ordinary and intended use;

k.    Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for use in windy and inclement weather conditions;

l.    Permitting instructing riders to parasail in tandem using the parasail equipment, including the tow rope and winch, when it was in a state of disrepair and unfit for its intended and ordinary uses;

m.   Misrepresenting the safety of parasailing in tandem in inclement weather;

48

n.     Operating the parasailing equipments in an area that was closed to boaters;

o.     Failing to have and/or implement an emergency plan in the event a tow rope broke and/or the rope became caught up in the winch too quickly and safely rescue parasail riders from the ocean waters and/or retrieve parasail riders who had become detached from the tow rope;

p.     Failing to employ parasail operators familiar with CPR and other first aid or life saving measures; and

q.     Failing to warn of the perils associated with parasailing and parasailing in inclement weather and to warn of the defects associated with the parasail equipment used by SCUBA CARIBE and AQUA INN.

93.     At all material times, Defendant SIRENIS MANAGEMENT SERVICES knew or should have known that the use of defective, aged and deteriorated parasailing equipment could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

94.     At all material times, Defendant SIRENIS MANAGEMENT SERVICES knew or should have known that operating parasail equipment in weather conditions such as those that existed on October 12, 2008 could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

95.     As a direct and proximate result of the above-described acts and omissions of SIRENIS SERVICES, S.L., MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH were killed and Defendant SIRENIS MANAGEMENT SERVICES is liable

to Plaintiffs for all damages to which the Estates and survivors and beneficiaries are entitled, including but not limited to the following as applicable law may provide:

    a.    Pain and suffering of MARGARET JANE DAWSON BEAMAN prior to her death;

    b.    Pain and suffering of LISA RAE BALLINGER SMITH prior to her death;

    c.    Pain and suffering of MARK A. BEAMAN as a result of the wrongful death of his wife, MARGARET JANE DAWSON BEAMAN;

    d.    Pain and suffering of JERRY SMITH as a result of the wrongful death of his wife, LISA RAE BALLINGER SMITH;

    e.    Pain and suffering of ANDREW SMITH as a result of the wrongful death of his mother, LISA RAE BALLINGER SMITH;

    f.    Lost society, companionship, guidance, solace and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

    g.    Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

    h.    Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

    i.    Loss of support and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

    j.    Loss of support and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

    k.    Loss of support and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

    l.    Loss of MARGARET JANE DAWSON BEAMAN's net accumulations;

m.    Loss of LISA RAE BALLINGER SMITH's net accumulations;

n.    Funeral and medical expenses regarding MARGARET JANE DAWSON BEAMAN;

o.    Funeral and medical expenses regarding LISA RAE BALLINGER SMITH; and/or

p.    Any and all other damage to which Plaintiffs, the survivors and/or beneficiaries may be entitled which this Court may find applicable.

WHEREFORE, Plaintiffs demand judgment against SIRENIS MANAGEMENT SERVICES for compensatory damages, interest and costs and such other relief deemed appropriate by this Court.

**COUNT VIII**
**NEGLIGENCE OF SIRENIS HOTELS & RESORTS**

96.    Paragraphs one through thirty-nine are incorporated by reference as though fully set forth herein.

97.    At all material times Defendant SIRENIS HOTELS & RESORTS owned and/or controlled the operation of the Grand Sirenis Riviera Maya Hotel & Resort on the Mayan Riviera in Mexico.

98.    At all material times, SIRENIS HOTELS & RESORTS, AQUA INN, FIESTA and SCUBA CARIBE had agreements whereby SCUBA CARIBE and AQUA INN would provide water activities to guests of FIESTA and SIRENIS, including parasailing. Guests at FIESTA would board jet skis operated by SCUBA CARIBE agents, and be transported a boat operated by AQUA INN agents, who would then carry out the parasailing venture.

99.    At all material times, Defendant SIRENIS HOTELS & RESORTS owed a duty to the public to exercise reasonable care for the safety and health of its guests and non-hotel guests who were subjected to the agreement between SIRENIS HOTELS & RESORTS, AQUA

51

INN, FIESTA and SCUBA CARIBE, such as Decedents MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH, who were expected by SIRENIS HOTELS & RESORTS to be exposed to and solicited by its advertised water sports operators, AQUA INN and SCUBA CARIBE.

100.   At all material times, Defendant SIRENIS HOTELS & RESORTS breached its duties of care in one, more or all of the following respects:

a.   Failing to supervise AQUA INN and SCUBA CARIBE's activities at its resorts where its guests and others were known and expected to visit and be solicited by AQUA INN and SCUBA CARIBE.

b.   Failing to monitor and inspect AQUA INN and SCUBA CARIBE's equipment for defective and dangerous conditions, or to otherwise require proof from AQUA INN and SCUBA CARIBE on a regular basis that its equipment was properly maintained and/or replaced as it aged or became worn;

c.   Failing to establish procedures, limitations, reporting requirements and guidelines governing AQUA INN and SCUBA CARIBE's operation as the water sports operator for the resorts which required AQUA INN and SCUBA CARIBE to monitor and inspect its equipment on a regular basis and to replace equipment that had become aged or work or which presents a dangerous and defective condition;

d.   Failing to establish procedures, limitations and guidelines governing AQUA INN and SCUBA CARIBE which prohibited AQUA INN and SCUBA CARIBE from soliciting and renting equipment and rides to beach goers and guests on the Colonial Resort and Kantenah Resort

beachfronts in inclement weather such as that which existed on October 12, 2008, and/or prohibiting AQUA INN and SCUBA CARIBE from operating the parasailing equipment in situations of inclement weather such as that which existed on October 12, 2008.

e.    Failing to establish procedures, limitations and guidelines requiring that AQUA INN and SCUBA CARIBE determine the skill and familiarity level of all persons to whom parasail rides were sold and to instruct and educate all users of AQUA INN and SCUBA CARIBE's parasail equipment and services on how to sue the equipment and services;

f.    Failing to require and ensure that AQUA INN and SCUBA CARIBE employees were licensed and otherwise competent to instruct persons on the use of the water sport equipment and competent to operate water sport equipment;

g.    Permitting MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail without first determining their skill and familiarity level with parasailing, without instructing them on how to release themselves from the parasail equipment in an emergency situation, without warning them of the perils associated with parasailing and with parasailing in inclement weather;

h.    Failing to demand that AQUA INN and SCUBA CARIBE cease all parasail operations when it became apparent that inclement weather was imminent;

i.    Instructing MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail in tandem in inclement weather rather

than postponing the parasail adventure until such a time as the weather had passed or in refunding their money at their option;

j.  Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for its ordinary and intended use;

k.  Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for use in windy and inclement weather conditions;

l.  Permitting instructing riders to parasail in tandem using the parasail equipment, including the tow rope and winch, when it was in a state of disrepair and unfit for its intended and ordinary uses;

m.  Misrepresenting the safety of parasailing in tandem in inclement weather;

n.  Operating the parasailing equipments in an area that was closed to boaters;

o.  Failing to have and/or implement an emergency plan in the event a tow rope broke and/or the rope became caught up in the winch too quickly and safely rescue parasail riders from the ocean waters and/or retrieve parasail riders who had become detached from the tow rope;

p.  Failing to employ parasail operators familiar with CPR and other first aid or life saving measures; and

q.  Failing to warn of the perils associated with parasailing and parasailing in inclement weather and to warn of the defects associated with the parasail equipment used by SCUBA CARIBE and AQUA INN.

101.  At all material times, Defendant SIRENIS HOTELS & RESORTS knew or should have known that the use of defective, aged and deteriorated parasailing equipment could result

54

in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

102. At all material times, Defendant SIRENIS HOTELS & RESORTS knew or should have known that operating parasail equipment in weather conditions such as those that existed on October 12, 2008 could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

103. As a direct and proximate result of the above-described acts and omissions of SIRENIS HOTELS & RESORTS, MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH were killed and Defendant SIRENIS HOTELS & RESORTS is liable to Plaintiffs for all damages to which the Estates and survivors and beneficiaries are entitled, including but not limited to the following as applicable law may provide:

    a. Pain and suffering of MARGARET JANE DAWSON BEAMAN prior to her death;

    b. Pain and suffering of LISA RAE BALLINGER SMITH prior to her death;

    c. Pain and suffering of MARK A. BEAMAN as a result of the wrongful death of his wife, MARGARET JANE DAWSON BEAMAN;

    d. Pain and suffering of JERRY SMITH as a result of the wrongful death of his wife, LISA RAE BALLINGER SMITH;

    e. Pain and suffering of ANDREW SMITH as a result of the wrongful death of his mother, LISA RAE BALLINGER SMITH;

    f. Lost society, companionship, guidance, solace and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

g.   Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

h.   Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

i.   Loss of support and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

j.   Loss of support and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

k.   Loss of support and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

l.   Loss of MARGARET JANE DAWSON BEAMAN's net accumulations;

m.   Loss of LISA RAE BALLINGER SMITH's net accumulations;

n.   Funeral and medical expenses regarding MARGARET JANE DAWSON BEAMAN;

o.   Funeral and medical expenses regarding LISA RAE BALLINGER SMITH; and/or

p.   Any and all other damage to which Plaintiffs, the survivors and/or beneficiaries may be entitled which this Court may find applicable.

WHEREFORE, Plaintiffs demand judgment against SIRENIS HOTELS & RESORTS for compensatory damages, interest and costs and such other relief deemed appropriate by this Court.

## COUNT VIV
## NEGLIGENCE OF AGRUPACION HOTELIER DOLIGA, S.A.

104.   Paragraphs one through thirty-nine are incorporated by reference as though fully set forth herein.

56

105.    At all material times Defendant AGRUPACION HOTELIER DOLIGA, S.A. owned and/or controlled the operation of the Grand Palladium Colonial Resort & Spa and the Grand Palladium Kantenah Resort & Spa on the Mayan Riviera in Mexico.

106.    At all material times, AGRUPACION HOTELIER DOLIGA, S.A., AQUA INN, SIRENIS and SCUBA CARIBE had agreements whereby SCUBA CARIBE and AQUA INN would provide water activities to guests of FIESTA and SIRENIS, including parasailing. Guests at FIESTA would board jet skis operated by SCUBA CARIBE agents, and be transported a boat operated by AQUA INN agents, who would then carry out the parasailing venture.

107.    At all material times, Defendant AGRUPACION HOTELIER DOLIGA, S.A. owed a duty to the public to exercise reasonable care for the safety and health of its guests and non-hotel guests who were subjected to the agreement between AGRUPACION HOTELIER DOLIGA, S.A., AQUA INN, SIRENIS and SCUBA CARIBE, such as Decedents MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH, who were expected by AGRUPACION HOTELIER DOLIGA, S.A. to be exposed to and solicited by its advertised water sports operators, AQUA INN and SCUBA CARIBE.

108.    At all material times, Defendant AGRUPACION HOTELIER DOLIGA, S.A. breached its duties of care in one, more or all of the following respects:

        a.    Failing to supervise AQUA INN and SCUBA CARIBE's activities at its resorts where its guests and others were known and expected to visit and be solicited by AQUA INN and SCUBA CARIBE.

        b.    Failing to monitor and inspect AQUA INN and SCUBA CARIBE's equipment for defective and dangerous conditions, or to otherwise require proof from AQUA INN and SCUBA CARIBE on a regular basis that its

equipment was properly maintained and/or replaced as it aged or became worn;

c.    Failing to establish procedures, limitations, reporting requirements and guidelines governing AQUA INN and SCUBA CARIBE's operation as the water sports operator for the resorts which required AQUA INN and SCUBA CARIBE to monitor and inspect its equipment on a regular basis and to replace equipment that had become aged or work or which presents a dangerous and defective condition;

d.    Failing to establish procedures, limitations and guidelines governing AQUA INN and SCUBA CARIBE which prohibited AQUA INN and SCUBA CARIBE from soliciting and renting equipment and rides to beach goers and guests on the Colonial Resort and Kantenah Resort beachfronts in inclement weather such as that which existed on October 12, 2008, and/or prohibiting AQUA INN and SCUBA CARIBE from operating the parasailing equipment in situations of inclement weather such as that which existed on October 12, 2008.

e.    Failing to establish procedures, limitations and guidelines requiring that AQUA INN and SCUBA CARIBE determine the skill and familiarity level of all persons to whom parasail rides were sold and to instruct and educate all users of AQUA INN and SCUBA CARIBE's parasail equipment and services on how to sue the equipment and services;

f.    Failing to require and ensure that AQUA INN and SCUBA CARIBE employees were licensed and otherwise competent to instruct persons on

the use of the water sport equipment and competent to operate water sport equipment;

g.      Permitting MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail without first determining their skill and familiarity level with parasailing, without instructing them on how to release themselves from the parasail equipment in an emergency situation, without warning them of the perils associated with parasailing and with parasailing in inclement weather;

h.      Failing to demand that AQUA INN and SCUBA CARIBE cease all parasail operations when it became apparent that inclement weather was imminent;

i.      Instructing MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail in tandem in inclement weather rather than postponing the parasail adventure until such a time as the weather had passed or in refunding their money at their option;

j.      Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for its ordinary and intended use;

k.      Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for use in windy and inclement weather conditions;

l.      Permitting instructing riders to parasail in tandem using the parasail equipment, including the tow rope and winch, when it was in a state of disrepair and unfit for its intended and ordinary uses;

m.      Misrepresenting the safety of parasailing in tandem in inclement weather;

59

n.   Operating the parasailing equipments in an area that was closed to boaters;

o.   Failing to have and/or implement an emergency plan in the event a tow rope broke and/or the rope became caught up in the winch too quickly and safely rescue parasail riders from the ocean waters and/or retrieve parasail riders who had become detached from the tow rope;

p.   Failing to employ parasail operators familiar with CPR and other first aid or life saving measures; and

q.   Failing to warn of the perils associated with parasailing and parasailing in inclement weather and to warn of the defects associated with the parasail equipment used by SCUBA CARIBE and AQUA INN.

109.   At all material times, Defendant AGRUPACION HOTELIER DOLIGA, S.A. knew or should have known that the use of defective, aged and deteriorated parasailing equipment could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

110.   At all material times, Defendant AGRUPACION HOTELIER DOLIGA, S.A. knew or should have known that operating parasail equipment in weather conditions such as those that existed on October 12, 2008 could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

111.   As a direct and proximate result of the above-described acts and omissions of AGRUPACION HOTELIER DOLIGA, S.A., MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH were killed and Defendant AGRUPACION HOTELIER DOLIGA, S.A.

is liable to Plaintiffs for all damages to which the Estates and survivors and beneficiaries are entitled, including but not limited to the following as applicable law may provide:

a.  Pain and suffering of MARGARET JANE DAWSON BEAMAN prior to her death;

b.  Pain and suffering of LISA RAE BALLINGER SMITH prior to her death;

c.  Pain and suffering of MARK A. BEAMAN as a result of the wrongful death of his wife, MARGARET JANE DAWSON BEAMAN;

d.  Pain and suffering of JERRY SMITH as a result of the wrongful death of his wife, LISA RAE BALLINGER SMITH;

e.  Pain and suffering of ANDREW SMITH as a result of the wrongful death of his mother, LISA RAE BALLINGER SMITH;

f.  Lost society, companionship, guidance, solace and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

g.  Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

h.  Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

i.  Loss of support and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

j.  Loss of support and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

k.  Loss of support and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

l.  Loss of MARGARET JANE DAWSON BEAMAN's net accumulations;

m.    Loss of LISA RAE BALLINGER SMITH's net accumulations;

n.    Funeral and medical expenses regarding MARGARET JANE DAWSON BEAMAN;

o.    Funeral and medical expenses regarding LISA RAE BALLINGER SMITH; and/or

p.    Any and all other damage to which Plaintiffs, the survivors and/or beneficiaries may be entitled which this Court may find applicable.

WHEREFORE, Plaintiffs demand judgment against AGRUPACION HOTELIER DOLIGA, S.A. for compensatory damages, interest and costs and such other relief deemed appropriate by this Court.

## COUNT X
## NEGLIGENCE OF FIESTA HOTEL GROUP

112.    Paragraphs one through thirty-nine are incorporated by reference as though fully set forth herein.

113.    At all material times Defendant FIESTA HOTEL GROUP owned and/or controlled the operation of the Grand Palladium Colonial Resort & Spa and the Grand Palladium Kantenah Resort & Spa on the Mayan Riviera in Mexico.

114.    At all material times, FIESTA HOTEL GROUP, AQUA INN, SIRENIS and SCUBA CARIBE had agreements whereby SCUBA CARIBE and AQUA INN would provide water activities to guests of FIESTA and SIRENIS, including parasailing.  Guests at FIESTA would board jet skis operated by SCUBA CARIBE agents, and be transported a boat operated by AQUA INN agents, who would then carry out the parasailing venture.

115.    At all material times, Defendant FIESTA HOTEL GROUP owed a duty to the public to exercise reasonable care for the safety and health of its guests and non-hotel guests who were subjected to the agreement between FIESTA HOTEL GROUP, AQUA INN, SIRENIS

and SCUBA CARIBE, such as Decedents MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH, who were expected by FIESTA HOTEL GROUP to be exposed to and solicited by its advertised water sports operators, AQUA INN and SCUBA CARIBE.

116.    At all material times, Defendant FIESTA HOTEL GROUP breached its duties of care in one, more or all of the following respects:

   a. Failing to supervise AQUA INN and SCUBA CARIBE's activities at its resorts where its guests and others were known and expected to visit and be solicited by AQUA INN and SCUBA CARIBE.

   b. Failing to monitor and inspect AQUA INN and SCUBA CARIBE's equipment for defective and dangerous conditions, or to otherwise require proof from AQUA INN and SCUBA CARIBE on a regular basis that its equipment was properly maintained and/or replaced as it aged or became worn;

   c. Failing to establish procedures, limitations, reporting requirements and guidelines governing AQUA INN and SCUBA CARIBE's operation as the water sports operator for the resorts which required AQUA INN and SCUBA CARIBE to monitor and inspect its equipment on a regular basis and to replace equipment that had become aged or work or which presents a dangerous and defective condition;

   d. Failing to establish procedures, limitations and guidelines governing AQUA INN and SCUBA CARIBE which prohibited AQUA INN and SCUBA CARIBE from soliciting and renting equipment and rides to beach goers and guests on the Colonial Resort and Kantenah Resort beachfronts in inclement weather such as that which existed on October

12, 2008, and/or prohibiting AQUA INN and SCUBA CARIBE from operating the parasailing equipment in situations of inclement weather such as that which existed on October 12, 2008.

e. Failing to establish procedures, limitations and guidelines requiring that AQUA INN and SCUBA CARIBE determine the skill and familiarity level of all persons to whom parasail rides were sold and to instruct and educate all users of AQUA INN and SCUBA CARIBE's parasail equipment and services on how to sue the equipment and services;

f. Failing to require and ensure that AQUA INN and SCUBA CARIBE employees were licensed and otherwise competent to instruct persons on the use of the water sport equipment and competent to operate water sport equipment;

g. Permitting MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail without first determining their skill and familiarity level with parasailing, without instructing them on how to release themselves from the parasail equipment in an emergency situation, without warning them of the perils associated with parasailing and with parasailing in inclement weather;

h. Failing to demand that AQUA INN and SCUBA CARIBE cease all parasail operations when it became apparent that inclement weather was imminent;

i. Instructing MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail in tandem in inclement weather rather

64

than postponing the parasail adventure until such a time as the weather had passed or in refunding their money at their option;

j.    Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for its ordinary and intended use;

k.    Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for use in windy and inclement weather conditions;

l.    Permitting instructing riders to parasail in tandem using the parasail equipment, including the tow rope and winch, when it was in a state of disrepair and unfit for its intended and ordinary uses;

m.    Misrepresenting the safety of parasailing in tandem in inclement weather;

n.    Operating the parasailing equipments in an area that was closed to boaters;

o.    Failing to have and/or implement an emergency plan in the event a tow rope broke and/or the rope became caught up in the winch too quickly and safely rescue parasail riders from the ocean waters and/or retrieve parasail riders who had become detached from the tow rope;

p.    Failing to employ parasail operators familiar with CPR and other first aid or life saving measures; and

q.    Failing to warn of the perils associated with parasailing and parasailing in inclement weather and to warn of the defects associated with the parasail equipment used by SCUBA CARIBE and AQUA INN.

117.    At all material times, Defendant FIESTA HOTEL GROUP knew or should have known that the use of defective, aged and deteriorated parasailing equipment could result in

serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

118.    At all material times, Defendant FIESTA HOTEL GROUP knew or should have known that operating parasail equipment in weather conditions such as those that existed on October 12, 2008 could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

119.    As a direct and proximate result of the above-described acts and omissions of FIESTA HOTEL GROUP, MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH were killed and Defendant FIESTA HOTEL GROUP is liable to Plaintiffs for all damages to which the Estates and survivors and beneficiaries are entitled, including but not limited to the following as applicable law may provide:

      a.    Pain and suffering of MARGARET JANE DAWSON BEAMAN prior to her death;

      b.    Pain and suffering of LISA RAE BALLINGER SMITH prior to her death;

      c.    Pain and suffering of MARK A. BEAMAN as a result of the wrongful death of his wife, MARGARET JANE DAWSON BEAMAN;

      d.    Pain and suffering of JERRY SMITH as a result of the wrongful death of his wife, LISA RAE BALLINGER SMITH;

      e.    Pain and suffering of ANDREW SMITH as a result of the wrongful death of his mother, LISA RAE BALLINGER SMITH;

      f.    Lost society, companionship, guidance, solace and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

      g.    Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

h.   Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

i.   Loss of support and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

j.   Loss of support and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

k.   Loss of support and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

l.   Loss of MARGARET JANE DAWSON BEAMAN's net accumulations;

m.   Loss of LISA RAE BALLINGER SMITH's net accumulations;

n.   Funeral and medical expenses regarding MARGARET JANE DAWSON BEAMAN;

o.   Funeral and medical expenses regarding LISA RAE BALLINGER SMITH; and/or

p.   Any and all other damage to which Plaintiffs, the survivors and/or beneficiaries may be entitled which this Court may find applicable.

WHEREFORE, Plaintiffs demand judgment against FIESTA HOTEL GROUP for compensatory damages, interest and costs and such other relief deemed appropriate by this Court.

## COUNT XI
## NEGLIGENCE OF PALLADIUM HOTELS & RESORTS

120.   Paragraphs one through thirty-nine are incorporated by reference as though fully set forth herein.

121.   At all material times Defendant PALLADIUM HOTELS AND RESORTS owned and/or controlled the operation of the Grand Palladium Colonial Resort & Spa and the Grand Palladium Kantenah Resort & Spa on the Mayan Riviera in Mexico.

122.   At all material times, PALLADIUM HOTELS AND RESORTS, AQUA INN, SIRENIS and SCUBA CARIBE had agreements whereby SCUBA CARIBE and AQUA INN would provide water activities to guests of FIESTA and SIRENIS, including parasailing. Guests at FIESTA would board jet skis operated by SCUBA CARIBE agents, and be transported a boat operated by AQUA INN agents, who would then carry out the parasailing venture.

123.   At all material times, Defendant PALLADIUM HOTELS AND RESORTS owed a duty to the public to exercise reasonable care for the safety and health of its guests and non-hotel guests who were subjected to the agreement between PALLADIUM HOTELS AND RESORTS, AQUA INN, SIRENIS and SCUBA CARIBE, such as Decedents MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH, who were expected by PALLADIUM HOTELS AND REPORTS to be exposed to and solicited by its advertised water sports operators, AQUA INN and SCUBA CARIBE.

124.   At all material times, Defendant PALLADIUM HOTELS AND RESORTS breached its duties of care in one, more or all of the following respects:

      a.   Failing to supervise AQUA INN and SCUBA CARIBE's activities at its resorts where its guests and others were known and expected to visit and be solicited by AQUA INN and SCUBA CARIBE.

      b.   Failing to monitor and inspect AQUA INN and SCUBA CARIBE's equipment for defective and dangerous conditions, or to otherwise require proof from AQUA INN and SCUBA CARIBE on a regular basis that its equipment was properly maintained and/or replaced as it aged or became worn;

      c.   Failing to establish procedures, limitations, reporting requirements and guidelines governing AQUA INN and SCUBA CARIBE's operation as the

water sports operator for the resorts which required AQUA INN and SCUBA CARIBE to monitor and inspect its equipment on a regular basis and to replace equipment that had become aged or work or which presents a dangerous and defective condition;

d.   Failing to establish procedures, limitations and guidelines governing AQUA INN and SCUBA CARIBE which prohibited AQUA INN and SCUBA CARIBE from soliciting and renting equipment and rides to beach goers and guests on the Colonial Resort and Kantenah Resort beachfronts in inclement weather such as that which existed on October 12, 2008, and/or prohibiting AQUA INN and SCUBA CARIBE from operating the parasailing equipment in situations of inclement weather such as that which existed on October 12, 2008.

e.   Failing to establish procedures, limitations and guidelines requiring that AQUA INN and SCUBA CARIBE determine the skill and familiarity level of all persons to whom parasail rides were sold and to instruct and educate all users of AQUA INN and SCUBA CARIBE's parasail equipment and services on how to sue the equipment and services;

f.   Failing to require and ensure that AQUA INN and SCUBA CARIBE employees were licensed and otherwise competent to instruct persons on the use of the water sport equipment and competent to operate water sport equipment;

g.   Permitting MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail without first determining their skill and familiarity level with parasailing, without instructing them on how to

69

release themselves from the parasail equipment in an emergency situation, without warning them of the perils associated with parasailing and with parasailing in inclement weather;

h.   Failing to demand that AQUA INN and SCUBA CARIBE cease all parasail operations when it became apparent that inclement weather was imminent;

i.   Instructing MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail in tandem in inclement weather rather than postponing the parasail adventure until such a time as the weather had passed or in refunding their money at their option;

j.   Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for its ordinary and intended use;

k.   Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for use in windy and inclement weather conditions;

l.   Permitting instructing riders to parasail in tandem using the parasail equipment, including the tow rope and winch, when it was in a state of disrepair and unfit for its intended and ordinary uses;

m.   Misrepresenting the safety of parasailing in tandem in inclement weather;

n.   Operating the parasailing equipments in an area that was closed to boaters;

o.   Failing to have and/or implement an emergency plan in the event a tow rope broke and/or the rope became caught up in the winch too quickly

and safely rescue parasail riders from the ocean waters and/or retrieve parasail riders who had become detached from the tow rope;

p.      Failing to employ parasail operators familiar with CPR and other first aid or life saving measures; and

q.      Failing to warn of the perils associated with parasailing and parasailing in inclement weather and to warn of the defects associated with the parasail equipment used by SCUBA CARIBE and AQUA INN.

125.    At all material times, Defendant PALLADIUM HOTELS AND RESORTS knew or should have known that the use of defective, aged and deteriorated parasailing equipment could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

126.    At all material times, Defendant PALLADIUM HOTELS AND RESORTS knew or should have known that operating parasail equipment in weather conditions such as those that existed on October 12, 2008  could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

127.    As a direct and proximate result of the above-described acts and omissions of PALLADIUM HOTELS AND RESORTS, MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH were killed and Defendant PALLADIUM HOTELS AND RESORTS is liable to Plaintiffs for all damages to which the Estates and survivors and beneficiaries are entitled, including but not limited to the following as applicable law may provide:

a.      Pain and suffering of MARGARET JANE DAWSON BEAMAN prior to her death;

b.      Pain and suffering of LISA RAE BALLINGER SMITH prior to her death;

71

c.  Pain and suffering of MARK A. BEAMAN as a result of the wrongful death of his wife, MARGARET JANE DAWSON BEAMAN;

d.  Pain and suffering of JERRY SMITH as a result of the wrongful death of his wife, LISA RAE BALLINGER SMITH;

e.  Pain and suffering of ANDREW SMITH as a result of the wrongful death of his mother, LISA RAE BALLINGER SMITH;

f.  Lost society, companionship, guidance, solace and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

g.  Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

h.  Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

i.  Loss of support and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

j.  Loss of support and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

k.  Loss of support and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

l.  Loss of MARGARET JANE DAWSON BEAMAN's net accumulations;

m.  Loss of LISA RAE BALLINGER SMITH's net accumulations;

n.  Funeral and medical expenses regarding MARGARET JANE DAWSON BEAMAN;

o.  Funeral and medical expenses regarding LISA RAE BALLINGER SMITH; and/or

p.      Any and all other damage to which Plaintiffs, the survivors and/or
beneficiaries may be entitled which this Court may find applicable.

WHEREFORE, Plaintiffs demand judgment against PALLADIUM HOTELS AND RESORTS for
compensatory damages, interest and costs and such other relief deemed appropriate by this
Court.

## COUNT XII
## NEGLIGENCE OF GRAND PALLADIUM COLONIAL RESORT & SPA

128.    Paragraphs one through thirty-nine are incorporated by reference as though fully
set forth herein.

129.    At all material times Defendant GRAND PALLADIUM COLONIAL RESORT &
SPA owned and/or controlled the operation of the Grand Palladium Colonial Resort & Spa and
the Grand Palladium Kantenah Resort & Spa on the Mayan Riviera in Mexico.

130.    At all material times, GRAND PALLADIUM COLONIAL RESORT & SPA, AQUA
INN, SIRENIS and SCUBA CARIBE had agreements whereby SCUBA CARIBE and AQUA INN
would provide water activities to guests of FIESTA and SIRENIS, including parasailing.  Guests
at FIESTA would board jet skis operated by SCUBA CARIBE agents, and be transported a boat
operated by AQUA INN agents, who would then carry out the parasailing venture.

131.    At all material times, Defendant GRAND PALLADIUM COLONIAL RESORT &
SPA owed a duty to the public to exercise reasonable care for the safety and health of its guests
and non-hotel guests who were subjected to the agreement between GRAND PALLADIUM
COLONIAL RESORT & SPA, AQUA INN, SIRENIS and SCUBA CARIBE, such as Decedents
MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH, who were
expected by GRAND PALLADIUM COLONIAL RESORT & SPA to be exposed to and solicited
by its advertised water sports operators, AQUA INN and SCUBA CARIBE.

73

132.   At all material times, Defendant GRAND PALLADIUM COLONIAL RESORT & SPA breached its duties of care in one, more or all of the following respects:

a.   Failing to supervise AQUA INN and SCUBA CARIBE's activities at its resorts where its guests and others were known and expected to visit and be solicited by AQUA INN and SCUBA CARIBE.

b.   Failing to monitor and inspect AQUA INN and SCUBA CARIBE's equipment for defective and dangerous conditions, or to otherwise require proof from AQUA INN and SCUBA CARIBE on a regular basis that its equipment was properly maintained and/or replaced as it aged or became worn;

c.   Failing to establish procedures, limitations, reporting requirements and guidelines governing AQUA INN and SCUBA CARIBE's operation as the water sports operator for the resorts which required AQUA INN and SCUBA CARIBE to monitor and inspect its equipment on a regular basis and to replace equipment that had become aged or work or which presents a dangerous and defective condition;

d.   Failing to establish procedures, limitations and guidelines governing AQUA INN and SCUBA CARIBE which prohibited AQUA INN and SCUBA CARIBE from soliciting and renting equipment and rides to beach goers and guests on the Colonial Resort and Kantenah Resort beachfronts in inclement weather such as that which existed on October 12, 2008, and/or prohibiting AQUA INN and SCUBA CARIBE from operating the parasailing equipment in situations of inclement weather such as that which existed on October 12, 2008.

74

e.     Failing to establish procedures, limitations and guidelines requiring that AQUA INN and SCUBA CARIBE determine the skill and familiarity level of all persons to whom parasail rides were sold and to instruct and educate all users of AQUA INN and SCUBA CARIBE's parasail equipment and services on how to sue the equipment and services;

f.     Failing to require and ensure that AQUA INN and SCUBA CARIBE employees were licensed and otherwise competent to instruct persons on the use of the water sport equipment and competent to operate water sport equipment;

g.     Permitting MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail without first determining their skill and familiarity level with parasailing, without instructing them on how to release themselves from the parasail equipment in an emergency situation, without warning them of the perils associated with parasailing and with parasailing in inclement weather;

h.     Failing to demand that AQUA INN and SCUBA CARIBE cease all parasail operations when it became apparent that inclement weather was imminent;

i.     Instructing MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail in tandem in inclement weather rather than postponing the parasail adventure until such a time as the weather had passed or in refunding their money at their option;

j.     Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for its ordinary and intended use;

k.  Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for use in windy and inclement weather conditions;

l.  Permitting instructing riders to parasail in tandem using the parasail equipment, including the tow rope and winch, when it was in a state of disrepair and unfit for its intended and ordinary uses;

m.  Misrepresenting the safety of parasailing in tandem in inclement weather;

n.  Operating the parasailing equipments in an area that was closed to boaters;

o.  Failing to have and/or implement an emergency plan in the event a tow rope broke and/or the rope became caught up in the winch too quickly and safely rescue parasail riders from the ocean waters and/or retrieve parasail riders who had become detached from the tow rope;

p.  Failing to employ parasail operators familiar with CPR and other first aid or life saving measures; and

q.  Failing to warn of the perils associated with parasailing and parasailing in inclement weather and to warn of the defects associated with the parasail equipment used by MACO CARIBE, INC. D/B/A SCUBA CARIBE and AQUA INN. i. Instructing MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail in tandem in inclement weather rather than postponing the parasail adventure until such a time as the weather had passed or in refunding their money at their option;

j.  Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for its ordinary and intended use;

76

k.  Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for use in windy and inclement weather conditions;

l.  Permitting instructing riders to parasail in tandem using the parasail equipment, including the tow rope and winch, when it was in a state of disrepair and unfit for its intended and ordinary uses;

m.  Misrepresenting the safety of parasailing in tandem in inclement weather;

n.  Operating the parasailing equipments in an area that was closed to boaters;

o.  Failing to have and/or implement an emergency plan in the event a tow rope broke and/or the rope became caught up in the winch too quickly and safely rescue parasail riders from the ocean waters and/or retrieve parasail riders who had become detached from the tow rope;

p.  Failing to employ parasail operators familiar with CPR and other first aid or life saving measures; and

q.  Failing to warn of the perils associated with parasailing and parasailing in inclement weather and to warn of the defects associated with the parasail equipment used by SCUBA CARIBE and AQUA INN.

133.  At all material times, Defendant GRAND PALLADIUM COLONIAL RESORT & SPA knew or should have known that the use of defective, aged and deteriorated parasailing equipment could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

134.  At all material times, Defendant GRAND PALLADIUM COLONIAL RESORT & SPA knew or should have known that operating parasail equipment in weather conditions such

as those that existed on October 12, 2008  could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

135.   As a direct and proximate result of the above-described acts and omissions of GRAND PALLADIUM COLONIAL RESORT & SPA, MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH were killed and Defendant GRAND PALLADIUM COLONIAL RESORT & SPA is liable to Plaintiffs for all damages to which the Estates and survivors and beneficiaries are entitled, including but not limited to the following as applicable law may provide

    a.    Pain and suffering of MARGARET JANE DAWSON BEAMAN prior to her death;

    b.    Pain and suffering of LISA RAE BALLINGER SMITH prior to her death;

    c.    Pain and suffering of MARK A. BEAMAN as a result of the wrongful death of his wife, MARGARET JANE DAWSON BEAMAN;

    d.    Pain and suffering of JERRY SMITH as a result of the wrongful death of his wife, LISA RAE BALLINGER SMITH;

    e.    Pain and suffering of ANDREW SMITH as a result of the wrongful death of his mother, LISA RAE BALLINGER SMITH;

    f.    Lost society, companionship, guidance, solace and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

    g.    Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

    h.    Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

 i.  Loss of support and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

 j.  Loss of support and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

 k.  Loss of support and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

 l.  Loss of MARGARET JANE DAWSON BEAMAN's net accumulations;

 m.  Loss of LISA RAE BALLINGER SMITH's net accumulations;

 n.  Funeral and medical expenses regarding MARGARET JANE DAWSON BEAMAN;

 o.  Funeral and medical expenses regarding LISA RAE BALLINGER SMITH; and/or

 p.  Any and all other damage to which Plaintiffs, the survivors and/or beneficiaries may be entitled which this Court may find applicable.

WHEREFORE, Plaintiffs demand judgment against GRAND PALLADIUM COLONIAL RESORT & SPA for compensatory damages, interest and costs and such other relief deemed appropriate by this Court.

**COUNT XIII**
**NEGLIGENCE OF GRAND PALLADIUM KANTENAH RESORT & SPA**

136. Paragraphs one through thirty-nine are incorporated by reference as though fully set forth herein.

137. At all material times Defendant GRAND PALLADIUM KANTENAH RESORT & SPA owned and/or controlled the operation of the Grand Palladium Colonial Resort & Spa and the Grand Palladium Kantenah Resort & Spa on the Mayan Riviera in Mexico.

138.    At all material times, GRAND PALLADIUM KANTENAH RESORT & SPA, AQUA INN, SIRENIS and SCUBA CARIBE had agreements whereby SCUBA CARIBE and AQUA INN would provide water activities to guests of FIESTA and SIRENIS, including parasailing.  Guests at FIESTA would board jet skis operated by SCUBA CARIBE agents, and be transported a boat operated by AQUA INN agents, who would then carry out the parasailing venture.

139.    At all material times, Defendant GRAND PALLADIUM KANTENAH RESORT & SPA owed a duty to the public to exercise reasonable care for the safety and health of its guests and non-hotel guests who were subjected to the agreement between GRAND PALLADIUM KANTENAH RESORT & SPA, AQUA INN, SIRENIS and SCUBA CARIBE, such as Decedents MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH, who were expected by GRAND PALLADIUM KANTENAH RESORT & SPA to be exposed to and solicited by its advertised water sports operators, AQUA INN and SCUBA CARIBE.

140.    At all material times, Defendant GRAND PALLADIUM KANTENAH RESORT & SPA breached its duties of care in one, more or all of the following respects:

    a.    Failing to supervise AQUA INN and SCUBA CARIBE's activities at its resorts where its guests and others were known and expected to visit and be solicited by AQUA INN and SCUBA CARIBE.

    b.    Failing to monitor and inspect AQUA INN and SCUBA CARIBE's equipment for defective and dangerous conditions, or to otherwise require proof from AQUA INN and SCUBA CARIBE on a regular basis that its equipment was properly maintained and/or replaced as it aged or became worn;

    c.    Failing to establish procedures, limitations, reporting requirements and guidelines governing AQUA INN and SCUBA CARIBE's operation as the

water sports operator for the resorts which required AQUA INN and SCUBA CARIBE to monitor and inspect its equipment on a regular basis and to replace equipment that had become aged or work or which presents a dangerous and defective condition;

d.    Failing to establish procedures, limitations and guidelines governing AQUA INN and SCUBA CARIBE which prohibited AQUA INN and SCUBA CARIBE from soliciting and renting equipment and rides to beach goers and guests on the Colonial Resort and Kantenah Resort beachfronts in inclement weather such as that which existed on October 12, 2008, and/or prohibiting AQUA INN and SCUBA CARIBE from operating the parasailing equipment in situations of inclement weather such as that which existed on October 12, 2008.

e.    Failing to establish procedures, limitations and guidelines requiring that AQUA INN and SCUBA CARIBE determine the skill and familiarity level of all persons to whom parasail rides were sold and to instruct and educate all users of AQUA INN and SCUBA CARIBE's parasail equipment and services on how to sue the equipment and services;

f.    Failing to require and ensure that AQUA INN and SCUBA CARIBE employees were licensed and otherwise competent to instruct persons on the use of the water sport equipment and competent to operate water sport equipment;

g.    Permitting MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail without first determining their skill and familiarity level with parasailing, without instructing them on how to

release themselves from the parasail equipment in an emergency situation, without warning them of the perils associated with parasailing and with parasailing in inclement weather;

h. Failing to demand that AQUA INN and SCUBA CARIBE cease all parasail operations when it became apparent that inclement weather was imminent;

i. Instructing MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH to parasail in tandem in inclement weather rather than postponing the parasail adventure until such a time as the weather had passed or in refunding their money at their option;

j. Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for its ordinary and intended use;

k. Using parasail equipment, including the tow rope and winch, that was in a state of disrepair and unfit for use in windy and inclement weather conditions;

l. Permitting instructing riders to parasail in tandem using the parasail equipment, including the tow rope and winch, when it was in a state of disrepair and unfit for its intended and ordinary uses;

m. Misrepresenting the safety of parasailing in tandem in inclement weather;

n. Operating the parasailing equipments in an area that was closed to boaters;

o. Failing to have and/or implement an emergency plan in the event a tow rope broke and/or the rope became caught up in the winch too quickly

and safely rescue parasail riders from the ocean waters and/or retrieve parasail riders who had become detached from the tow rope;

p.     Failing to employ parasail operators familiar with CPR and other first aid or life saving measures; and

q.     Failing to warn of the perils associated with parasailing and parasailing in inclement weather and to warn of the defects associated with the parasail equipment used by SCUBA CARIBE and AQUA INN.

141.    At all material times, Defendant GRAND PALLADIUM KANTENAH RESORT & SPA knew or should have known that the use of defective, aged and deteriorated parasailing equipment could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

142.    At all material times, Defendant GRAND PALLADIUM KANTENAH RESORT & SPA knew or should have known that operating parasail equipment in weather conditions such as those that existed on October 12, 2008  could result in serious injury or death and as such posed an unreasonable risk to persons solicited by and who purchased parasail rides from AQUA INN and SCUBA CARIBE.

143.    As a direct and proximate result of the above-described acts and omissions of GRAND PALLADIUM KANTENAH RESORT & SPA, MARGARET JANE DAWSON BEAMAN and LISA RAE BALLINGER SMITH were killed and Defendant GRAND PALLADIUM KANTENAH RESORT & SPA is liable to Plaintiffs for all damages to which the Estates and survivors and beneficiaries are entitled, including but not limited to the following as applicable law may provide:

a.     Pain and suffering of MARGARET JANE DAWSON BEAMAN prior to her death;

83

b.     Pain and suffering of LISA RAE BALLINGER SMITH prior to her death;

c.     Pain and suffering of MARK A. BEAMAN as a result of the wrongful death of his wife, MARGARET JANE DAWSON BEAMAN;

d.     Pain and suffering of JERRY SMITH as a result of the wrongful death of his wife, LISA RAE BALLINGER SMITH;

e.     Pain and suffering of ANDREW SMITH as a result of the wrongful death of his mother, LISA RAE BALLINGER SMITH;

f.     Lost society, companionship, guidance, solace and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

g.     Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

h.     Lost society, companionship, guidance, solace and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

i.     Loss of support and services of MARGARET JANE DAWSON BEAMAN to MARK A. BEAMAN;

j.     Loss of support and services of LISA RAE BALLINGER SMITH to JERRY SMITH;

k.     Loss of support and services of LISA RAE BALLINGER SMITH to ANDREW SMITH;

l.     Loss of MARGARET JANE DAWSON BEAMAN's net accumulations;

m.     Loss of LISA RAE BALLINGER SMITH's net accumulations;

n.     Funeral and medical expenses regarding MARGARET JANE DAWSON BEAMAN;

o.      Funeral and medical expenses regarding LISA RAE BALLINGER SMITH; and/or

p.      Any and all other damage to which Plaintiffs, the survivors and/or beneficiaries may be entitled which this Court may find applicable.

WHEREFORE, Plaintiffs demand judgment against GRAND PALLADIUM KANTENAH RESORT & SPA for compensatory damages, interest and costs and such other relief deemed appropriate by this Court.

## DEMAND FOR JURY TRIAL

144.    Pursuant to Rule 39(b) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury as to all issues of fact presented herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true correct copy of the foregoing will be furnished to a process server for service upon the Defendants in this matter.

Dated this 9th day of October, 2009.

_____
CHRISTIAN D. SEARCY
Florida Bar No.: 158298
ROSALYN SIA BAKER-BARNES
Florida Bar No.: 327920
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9401
Attorneys for Plaintiff

85

℁JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)  NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**09-23055**

**I. (a) PLAINTIFFS**
BEAMAN, MARK A., etc., et al.

CIV-UNGARO

**DEFENDANTS**
MACO CARIBE INC., d/b/a SCUBA CARIBE, et al.

**(b)** County of Residence of First Listed Plaintiff  Carrollton, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  MAGISTRATE JUDGE
See attached
SIMONTON

FILED by ___ D.C.
INTAKE

OCT 09 2009

Attorneys (If Known)
Unknown

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

09-CV-23055-Ungaro/Simonton

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☑ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☑ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Re-filed- (see VI below)
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO

JUDGE                          DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332, Brief Description:  Wrongful Death

LENGTH OF TRIAL via  14  days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
October 9, 2009

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 1005801  IFP

10/09/09

Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, FL  33409
561-686-6300
Christian D. Searcy, Esquire
Florida Bar No.:  158298
Rosalyn Sia Baker-Barnes, Esquire
Florida Bar NO.:  327920